## 58885. WOFFORD v. THE STATE.

BANKE, Judge.
Appellant was convicted of armed robbery and aggravated assault and sentenced to life imprisonment plus 20 years. Among others, he enumerates as error the trial court's action in allowing the attorney for the state to attempt to impeach three of its own witnesses. Each witness was confronted with prior statements which were either contradictory in themselves or inconsistent with testimony given by the witness at trial. *Held:*

1. Code Ann. § 38-1801 (Ga. L. 1890-1891, p. 78;

1945, p. 227; 1947, p. 568) provides that a party may impeach his own witness only upon a showing that he has been "entrapped" by the witness because of a previous contradictory statement. Appellant contends that the state's attorney was not surprised by the testimony given in court, even though the witnesses had given differing statements prior to testifying in the present trial.

"[W]e conclude that the ends of justice are far better served by full exposure of whatever previous statements a witness might have made if his testimony conflicts with them. We note that Rule 607 of the new Federal Rules of Evidence, 28 USCA (eff. July 1, 1975) reads in its entirety as follows: 'The credibility of a witness may be attacked by any party, including the party calling him.' Should anyone object that the introduction of earlier out-of-court statements could occasion confusion, we answer that it is the function of a thorough and sifting cross examination to explore the circumstances of each of the witness' pronouncements, in the ultimate quest for truth.

"Henceforth, for 'entrapment' under Code Ann. § 38-1801 to exist, we will not require that the witness' testimony be a total 'surprise' nor that it be affirmatively damaging." *Wilson v. State,* 235 Ga. 470, 475 (219 SE2d 756) (1975); accord, *Pless v. State,* 142 Ga. App. 594 (5) (236 SE2d 842) (1977).

2. Appellant also enumerates as error the trial court's failure on three occasions to grant a mistrial due to utterances made by the attorney for the state. Two of these occurred during the examination of witnesses, and the third occurred during closing argument. In the first two instances, the prosecutor was admonished and the jury instructed to disregard his statements. In the third instance, the jury was immediately charged that argument of counsel is not evidence. "[I]n view of the fact that the matter of granting a mistrial is 'largely within the discretion of the court; and unless it is apparent that a mistrial was essential to preservation of the right of fair trial, the discretion will not be interfered with.' [Cit.]" *Cochran v. State,* 144 Ga. App. 820 (1) (242 SE2d 735) (1978). These enumerations of error are without merit.

3. Appellant contends that the evidence was insufficient to support the verdict. We have reviewed the

entire record and conclude that a rational jury could reasonably have found the appellant guilty beyond a reasonable doubt based on the evidence presented at trial. Jackson v. Virginia, — U. S. — (99 SC 2781, 61 LE2d 560) (1979).

4. Also enumerated as error is the admission into evidence of a diagram of the crime scene, despite the author's unwillingness to testify that it "precisely" depicted the scene. This enumeration of error is without merit. Diagrams roughly depicting the scene may be admissible. *Ruff v. State,* 150 Ga. App. 238 (257 SE2d 203) (1979).

5. Appellant's final enumeration of error, which concerns the admissibility of a photograph, is unsupported by argument or authority and is therefore deemed abandoned.

*Judgment affirmed. McMurray, P. J., and Underwood, J., concur.*

SUBMITTED OCTOBER 30, 1979 — DECIDED DECEMBER 5, 1979.

*John N. Crudup,* for appellant.
*Jeff C. Wayne, District Attorney,* for appellee.