## 61031. GARY v. THE STATE.

BANKE, Judge.

The appellant was tried for burglary upon a joint indictment charging that he and Jimmy Glover unlawfully entered the New Directions Disco and Lounge with intent to commit a theft. He was originally tried in August 1979. A new trial was granted, and he was again tried and convicted in May of 1980. The principal enumerations of error concern the admissibility of the testimony of the co-defendant, Glover, who had previously pled guilty.

During the first trial the co-defendant was called as a witness for the state and gave testimony which was generally consistent with the appellant's defense that the two of them had seen two individuals running from the establishment, that the owner was an acquaintance of appellant, and that their presence there when apprehended was in the owner's interest. The state pled surprise and entrapment and was allowed to present as evidence two previous inculpatory statements of the witness, which implicated the appellant as a participant in the crime.

At the second trial, the state again called Glover as its witness; and when it appeared his testimony would be consistent with that given at the previous trial, the state again claimed entrapment and

requested permission to cross examine its witness to reveal his previous inconsistent statements. This request was denied based on the trial court's observation that the state was on notice of the witness' earlier repudiation of statements helpful to the state's case, and thus that the plea of entrapment was not viable. Thereafter, the trial court stated that it would reconsider the state's request to impeach the witness depending upon the nature and extent of the testimony brought out by the appellant's counsel on his questioning of Glover. Appellant's counsel then conducted a lengthy cross examination of Glover, which brought out the version of the night's activities favorable to the appellant, and which was consistent with appellant's own testimony later in the trial. The state was then permitted over objection to examine the witness regarding his prior statements. The appellant contends that the trial court impermissibly limited his cross examination of Glover with the threat that the impeaching testimony would be allowed. *Held:*

1. Counsel for appellant was permitted an unfettered examination of the witness Glover, and in fact brought out all of the favorable testimony to his client which was presented at the first trial. What appellant characterizes as an attempt to inhibit his advocacy was merely a decision of the trial court to hold its ruling on the impeachment evidence in abeyance until a later time and had no apparent inhibitory effect on the cross examination. This enumeration of error is without merit.

2. Appellant next enumerates as error the admission over objection of Glover's testimony regarding his prior inconsistent statements.

The general rule is that "A party may not impeach a witness voluntarily called by him, except where he can show to the court that he had been entrapped by said witness by a previous contradictory statement." Code Ann. § 38-1801. The nature and extent of the surprise required have been the subject of scrutiny in recent decisions of both the Supreme Court and this court. See *Wilson v. State,* 235 Ga. 470 (1) (219 SE2d 756) (1975), and *Wofford v. State,* 152 Ga. App. 739 (1) (263 SE2d 707) (1979). In the case before us, the appellant clearly adopted the witness as his own, and the evidence of contradictory statements was admissible for the purpose of impeachment. "We conclude that the ends of justice are far better served by full exposure of whatever previous statements a witness might have made if his testimony conflicts with them. We note that Rule 607 of the new Federal Rules of Evidence, 28 USCA (eff. July 1, 1975) reads in its entirety as follows: 'The credibility of a witness may be attacked by any party, including the party calling him.' Should anyone object that the introduction of earlier out-of-court state-

ments could occasion confusion, we answer that it is the function of a thorough and sifting cross examination to explore the circumstances of each of the witness' pronouncements, in the ultimate quest for the truth." *Wilson v. State,* supra, p. 475. The jury was properly-instructed concerning the limited purpose for which the testimony was admitted. The enumeration of error is without merit.

3. Appellant enumerates as error the reception in evidence of a copy of the indictment showing co-defendant Glover's plea of guilty, as well as the court's action in allowing the document to go out with the jury. In support of this position, he cites *Hayes v. State,* 136 Ga. App. 746 (222 SE2d 193) (1975), and *Gray v. State,* 13 Ga. App. 374 (79 SE 223) (1913). Both cases stand for the proposition that such evidence is not competent as evidence of the defendant's guilt. However, the evidence that the witness had pled guilty was relevant on the issue of Glover's credibility. Since the witness admitted that he had pled guilty, we perceive no useful purpose in allowing the document in evidence and believe the court erred in doing so. As with any impeaching evidence, once the witness acknowledges the matter sought to be proved, further proof is redundant and unnecessary. Under the circumstances, however, we perceive no prejudice to the appellant, particularly in view of the trial court's careful instruction to the jury concerning the limited purpose of the evidence.

4. Appellant also contends that the evidence is insufficient to support his conviction. " 'While the jury can and must weigh and analyze the evidence, an appellate court, in reviewing on the general grounds, is restricted to determining if there is sufficient evidence to support the verdict of the jury.' *Davis v. State,* 151 Ga. App. 222, 223 (259 SE2d 207) (1979). The evidence here is clearly sufficient to support the verdict and our review of the record compels our conclusion that any rational trier of fact could reasonably have found from the evidence proof of the guilt [of appellant] beyond a reasonable doubt." *Fegan v. State,* 154 Ga. App. 791, 793 (270 SE2d 211) (1980).

*Judgment affirmed. McMurray, P. J., concurs. Smith, J., concurs in the judgment only.*

Submitted November 4, 1980 — Decided December 5, 1980 — Rehearing denied December 19, 1980.

*Charles A. Mathis, Jr., Harold E. Martin,* for appellant.
*Sharon Thomas, Willis Sparks, Assistant District Attorneys,* for appellee.