## 61966. RICE v. THE STATE.

CARLEY, Judge.

Appellant and his brother-in-law were jointly indicted and tried for burglary. After a jury trial both were convicted and appellant brings this appeal from the judgment and sentence entered on the jury verdict.

1. In enumerations of error 1 and 2 appellant complains that his confession and that of his brother-in-law were involuntarily made and therefore improperly admitted into evidence.

Although there was conflicting evidence on the issue of whether or or not the confessions were freely and voluntarily elicited without hope of benefit or reward, a Jackson-Denno hearing was held to determine the voluntariness of the confessions. Contrary to appellant's assertions there was ample evidence to support the trial court's determination of a prima facie showing of voluntariness. *Gunn v. State,* 244 Ga. 51 (1) (257 SE2d 538) (1979). Accordingly, the trial court did not err in admitting both confessions into evidence for jury consideration. *Gray v. State,* 151 Ga. App. 684 (1) (261 SE2d 402) (1979); *Daniel v. State,* 150 Ga. App. 798 (2) (258 SE2d 604) (1979).

2. It is urged that the trial court erred "in allowing the questioning of witnesses concerning a gold watch . . . found in the possession of [appellant's wife]." The transcript reveals that testimony concerning a gold watch stolen during the burglary in question and found in the possession of appellant's wife was first elicited by appellant's defense counsel on cross-examination of a state's witness. No objection was made to the testimony and there was no request that the response be stricken from the record. On redirect examination the state asked: "You testified about the gold watch. Where was that found?" Over defense counsel's objection that such evidence was irrelevant, the state was permitted to re-ask the question. In response, the witness stated that the watch stolen during the burglary had been found in the possession of appellant's wife and that she had pleaded guilty to a charge of theft by receiving stolen property. At a later point during the trial, appellant's wife testified on cross-examination to the same effect and without objection.

" 'Where counsel elicits testimony unfavorable to his client, he will not be heard to object to it, no matter how prejudicial it may be, if

it is a direct and pertinent response to the question propounded. [Cits.]' [Cit.] This is especially true in the instant case since defense counsel raised no objection to the response elicited by his question. [Cit.]" *Rutland v. State,* 158 Ga. App. 315 (2) (279 SE2d 757) (1981). "Whether or not the admission of the evidence objected to . . . was erroneous, and we intimate no opinion upon that score, its admission was harmless as there was other evidence introduced in the case of identical effect which was unobjected to." *Guyton v. Young,* 84 Ga. App. 155, 163 (6) (65 SE2d 858) (1951); see *Peek v. State,* 111 Ga. App. 273 (1) (141 SE2d 602) (1965); *Fields v. State,* 88 Ga. App. 770 (3) (77 SE2d 751) (1953).

This enumeration is without merit.

3. Appellant also contends that because his wife admitted her conviction for theft by receiving stolen property, the trial court erred in admitting a certified copy of the guilty plea entered by appellant's wife. The certified copy was admitted for purposes of impeachment of the testimony given by Mrs. Rice on behalf of appellant.

"A witness cannot be discredited even by his own testimony that he has been convicted of an offense involving moral turpitude; it is necessary to introduce an authenticated copy of the record of the court in which he was convicted. [Cits.]" *Rewis v. State,* 109 Ga. App. 83, 85 (3) (134 SE2d 875) (1964); accord, *Clarke v. State,* 239 Ga. 42, 44 (3) (235 SE2d 524) (1977). This enumeration is also without merit.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 22, 1981.

*Robert Lee Todd IV, Timothy J. Rice,* for appellant.
*Arthur E. Mallory III, District Attorney, Gerald S. Stovall, Assistant District Attorney,* for appellee.