## 63981. GOLDEN v. THE STATE.

CARLEY, Judge.
Appellant and his half-brother, Marshall Mauldin, were jointly indicted and, initially, jointly tried for the offenses of aggravated assault, kidnapping, rape, armed robbery, and aggravated sodomy. During the course of the first trial, appellant was granted a mistrial. The trial, however, continued as to defendant Mauldin and resulted in his conviction of all five offenses, the charge of armed robbery being reduced to robbery by intimidation. At appellant's retrial, before a different judge and jury, he was convicted of kidnapping, rape, and robbery by intimidation. This appeal follows the denial of appellant's motion for new trial.

1. During the retrial, co-defendant Mauldin was called as a

witness for the defense. On cross-examination, the state sought and obtained the trial court's permission to introduce, for the avowed purpose of impeachment, certified copies of Mauldin's record of convictions resulting from the earlier trial. Error is enumerated upon the introduction of this evidence.

The trial court did not err in failing, without request, to instruct the jury as to the limited purpose for which such evidence was admitted. "It is well recognized that when evidence is admitted for one purpose, as it was in the instant case, it is not error for the court to fail to instruct the jury to limit its consideration to the one purpose for which it is admissible, *in the absence of a request to so instruct the jury*. [Cits.]" *Harrell v. State,* 241 Ga. 181, 186 (2) (243 SE2d 890) (1978). Accord, *Hendrickson v. State,* 159 Ga. App. 628 (2) (284 SE2d 645) (1981); *Jarrett v. State,* 161 Ga. App. 285 (3) (287 SE2d 746) (1982). In the case before us there was no such request.

Nor do we find any error in the admission of certified copies of Mauldin's records of conviction even though he had previously acknowledged such convictions during cross-examination. It has long been the established rule in this state that "[a] witness cannot be discredited even by his own testimony that he has been convicted of an offense involving moral turpitude; it is necessary to introduce an authenticated copy of the record of the court in which he was convicted. [Cits.]" *Rewis v. State,* 109 Ga. App. 83, 85 (3) (134 SE2d 875) (1964). Accord, *Daniels v. State,* 234 Ga. 523, 524 (3) (216 SE2d 819) (1975); *Rice v. State,* 159 Ga. App. 641, 642 (3) (284 SE2d 657) (1981). The decision of *Gary v. State,* 156 Ga. App. 856 (3) (275 SE2d 830) (1980) relied upon by appellant is distinguishable on its facts inasmuch as it deals with the trial court's submission to the jury of an indictment reflecting a guilty plea of the defendant's co-indictee, not certified copies of the conviction. To the extent that the dicta in Division 3 of *Gary* could be construed to contradict the established method of impeachment by showing prior convictions as previously set forth, it will not be followed, especially in view of the fact that *Gary* is a two-judge decision. See *Jarriel v. Preferred Risk &c. Ins. Co.,* 155 Ga. App. 136, 140 (270 SE2d 238) (1980).

2. Error is enumerated upon the admission into evidence of an oral, pre-trial, incriminating statement which appellant gave to the police. Citing Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966) appellant contends that his statement was inadmissible inasmuch as it was the product of a custodial interrogation conducted without presence of counsel and subsequent to the invocation of his right to counsel.

At trial, a Jackson v. Denno hearing was held to determine the voluntariness and admissibility of appellant's statement. Appellant

did not testify at this hearing. The uncontradicted evidence adduced at this hearing showed that, when he was initially advised of his Miranda rights, appellant invoked his right to counsel and refused to make any statement to the investigating officer. Once appellant expressed his reluctance to make any statement without benefit of counsel, all questioning ceased and appellant was taken to a detaining cell. Much later on the same day, appellant initiated certain dialogue or exchanges with the officer which indicated his desire to speak about the facts surrounding the charges against him. Appellant also indicated that he wished to speak with the officer at some place other than appellant's cell. Therefore, appellant was removed from his cell and taken to an interview room. Prior to any statement being made at this appellant-initiated conference, he was again specifically advised of his right to counsel and requested to sign a waiver of rights form. Appellant responded by stating: "I'm not signing anything. I know what I'm doing, and what I'm going to tell you is not going to hurt me. I just want to set you straight." At this point, appellant proceeded to make the statement in question which, in essence, admitted his participation in the alleged offenses but indicated that he acted out of fear of co-defendant Mauldin. Thereafter, the officer asked a few clarifying questions which appellant answered.

Under the totality of the circumstances established after a thorough review of the evidence submitted to the trial court on the Jackson v. Denno hearing, we find no error in the admission into evidence of appellant's statement. Although appellant initially expressed his desire to deal with the authorities only through counsel, the uncontroverted evidence shows that, thereafter, appellant himself initiated the dialogue with police which resulted in the conference and the ensuing statement. See Edwards v. Arizona, 451 U. S. 477 (101 SC 1880, 68 LE2d 378) (1981). *Barksdale v. State,* 161 Ga. App. 155 (1) (291 SE2d 18) (1982). The evidence further demonstrates that appellant was cognizant of his right to counsel and his right to remain silent, having previously invoked the same. However, the subsequent words and actions of appellant clearly implied a knowing and intelligent, relinquishment of these rights. See Johnson v. Zerbst, 304 U. S. 458, 464 (58 SC 1019, 82 LE 1461) (1938); North Carolina v. Butler, 441 U. S. 369, 374-375 (99 SC 1755, 60 LE2d 286) (1979). In short, the evidence adequately supports a Jackson-Denno finding that appellant, in fact, knowingly, intelligently, and voluntarily decided to forgo his rights to remain silent and to have the assistance of counsel.

Appellant's argument that this statement is inadmissible because he was denied the right to see retained or appointed counsel is not supported by the evidence. "Assuming without deciding that

counsel had already been [retained by appellant] prior to his making the statement and that police knew this fact, that would not alone make his statement inadmissible." *Emmett v. State,* 243 Ga. 550, 556 (8) (255 SE2d 23) (1979); Accord, *Highfield v. State,* 246 Ga. 478, 483 (6) (272 SE2d 62) (1980).

Under the circumstances of the instant case, we find no error in this enumeration of error for any reason urged on appeal.

3. In related enumerations of error appellant also asserts that the trial court erred in failing to suppress his oral statement because of the state's insufficient compliance with Code Ann. § 27-1302. "In the instance of an oral statement, the gist of the discovery statute (Code Ann. § 27-1302) is as follows: *The incriminating or inculpatory portions* of a defendant's oral, in-custody statement shall be furnished to the defendant in writing at least ten days prior to trial if the defendant has made a written request for a copy of his statement within a 'reasonable period of time prior to trial' . . . Any incriminating or inculpatory portion of the statement not so furnished to the defendant cannot be used by the State during its case in chief or rebuttal; or used by the State to impeach the defendant or any defense witness." (Emphasis supplied.) *Blanchard v. State,* 247 Ga. 415, 419 (276 SE2d 593) (1981).

In the case at bar, the evidence adduced at the motion to suppress hearing demonstrates that the summary of appellant's oral statement provided by the state amply complied with the mandates of Code Ann. § 27-1302. Moreover, the state's evidence presented to the jury did not interject any incriminating or inculpatory portions of appellant's oral statement not previously furnished to appellant. For the foregoing reasons, we find no violation by the state of Code Ann. § 27-1302.

4. The evidence presented at trial was sufficient to authorize charging the jury on the law of kidnapping. *Peavy v. State,* 159 Ga. App. 280 (1) (283 SE2d 346) (1981); *Shumake v. State,* 159 Ga. App. 141 (2) (282 SE2d 756) (1981).

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED SEPTEMBER 9, 1982 —
REHEARING DENIED SEPTEMBER 28, 1982 —

*William C. Puckett, Jr.,* for appellant.
*Robert Wilson, District Attorney, Susan Brooks, Assistant District Attorney,* for appellee.