### 70364. LATTIMORE v. THE STATE.
(334 SE2d 701)

McMURRAY, Presiding Judge.

The defendant Lattimore was indicted for burglary and was tried before a jury in the Superior Court of Laurens County. The evidence at trial showed that on March 20, 1983, Emory Hopkins returned home in the afternoon and, before entering, heard someone inside his house. Hopkins observed that the front doorknob was damaged and discovered that the door had been locked from inside. Hopkins then went around to the back of the house and observed the defendant "leaving out [and] going behind the houses." Hopkins saw that the back door was "wide open" and, upon an investigation, discovered that his television set was missing.

The State introduced into evidence a statement given to Lieutenant Prentice Alligood of the Dublin Police Department by Mary Lee Cummings, co-defendant who was not being tried with defendant and an adverse witness for the State. The statement was introduced for impeachment purposes and directly implicated the defendant in the burglary of Hopkins' house. The jury found the defendant Lattimore guilty and he appeals. *Held*:

1. The defendant enumerates error alleging the general grounds. We have examined the entire record and transcript and find that the evidence adduced at trial was sufficient to meet the standards of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). *Worrell v. State*, 173 Ga. App. 820 (328 SE2d 232).

2. The defendant challenges the trial court's finding that co-defendant Mary Lee Cummings (Lattimore) was not the common law wife of the defendant, and thus, compellable as a witness. "The decision of the trial court as to the fact question of the existence vel non of a common-law marriage, should not be disturbed on appeal if there is any evidence to support its finding. [Cits.]" *Conyers v. State*, 249 Ga. 438, 441 (291 SE2d 709). In the case sub judice, evidence which supported the trial court's ruling showed that Mary Lee Cummings did not have any identification with the defendant's surname con-

tained thereon. See *Conyers v. State*, 249 Ga. 438, 441, supra. The witness, Mary Lee Cummings, had never bought any large household items with the defendant or in the name of the defendant; and she only held herself out to be married to her family and two other unidentified individuals. (Later during the trial the witness identified herself as Mary Lee Cummings, not as Mary Lee Lattimore.) Most persuasively, however, was the witness' admission that she had lied in court to try and establish a ceremonial marriage between herself and the defendant in order to protect the defendant. This evidence was sufficient to authorize the finding that a common law marriage did not exist between the witness and the defendant.

3. The defendant argues that the statement given to the Dublin police by Mary Lee Cummings was improperly used for impeachment purposes because her testimony was not contradicted by her out-of-court statement. A witness' prior statement is admissible for impeachment purposes when the witness denies having made such statement. See *Dickey v. State*, 240 Ga. 634, 639 (3) (242 SE2d 55). In the case sub judice, the witness (Mary Lee Cummings) denied telling the police that the defendant went inside the victim's house to take a television set; however, upon an examination of the witness' statement to the police we find that she told Lieutenant Alligood that the defendant "[w]ent into [the victim's house] . . . [a]nd he got the t.v. set and he put it outside by the truck." Based on this foundation, we find that the trial court properly admitted Mary Lee Cummings' prior inconsistent statement into evidence for not only impeachment purposes, but also to be weighed by the trier of fact as substantive evidence. See *Gibbons v. State*, 248 Ga. 858, 862-865 (286 SE2d 717).

4. The defendant's argument that the trial court erred in not reviewing the statement of Mary Lee Cummings prior to its ruling, admitting the statement into evidence, is moot in light of our holding in Division 3 of this opinion.

5. The defendant enumerates error to the trial court's admission into evidence of the statement of Mary Lee "Lattimore" because it was violative of OCGA § 24-3-52. This Code section provides: "The confession of one joint offender or conspirator made after the enterprise is ended shall be admissible only against himself." This statute does not apply in the case sub judice since the co-defendant took the stand and was subject to cross-examination by the defendant's attorney. *Jones v. State*, 169 Ga. App. 4, 6-7 (6) (311 SE2d 485).

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED SEPTEMBER 4, 1985.

*Henry G. Bozeman*, for appellant.
*Beverly B. Hayes, District Attorney, Harold McLendon, Assis-*

*tant District Attorney*, for appellee.