71627. DORMINY v. THE STATE.
(344 SE2d 475)

BENHAM, Judge.

Appellant appeals his conviction of armed robbery, claiming that two occurrences at trial involving his co-indictee unduly prejudiced

the jury against him.

Appellant and his co-indictee, William Benjamin, were charged with armed robbery in the same indictment. Their trials were severed; Benjamin was tried first and was convicted. Appellant's trial began the next day, during which the State called Benjamin as a witness. In the prosecuting attorney's first line of questioning, he asked Benjamin if he were the same person whose name appeared on the armed robbery indictment, whether he had been tried for that offense, and what the result of the trial was. He then asked, "Were the results that you got 12 years to serve?" Benjamin responded, "Yes," and appellant moved for a mistrial. The trial court denied the motion and the prosecuting attorney attempted to resume questioning the witness. However, Benjamin refused to answer any more questions despite several attempts by the prosecuting attorney to encourage his cooperation. The trial court finally released Benjamin from the witness stand.

At the end of the trial, the court asked counsel for appellant and the State to examine the sentencing form on the back of the indictment. Appellant's counsel noted that the form showed the guilty verdict rendered in Benjamin's case, and asked the court to give appellant's jury a copy of the indictment with the reference to Benjamin excised. The court refused, stating that there was no need to do so since Benjamin's conviction was already in evidence. Appellant argues that Benjamin's testimony and the jury verdict form evidencing Benjamin's conviction were so prejudicial to appellant that his judgment of conviction should be reversed. We agree.

There is a three-part standard to be applied by trial courts when considering a motion to sever the trials of co-indictees: "Will the number of defendants create confusion of the evidence and law applicable to each individual defendant? . . . Is there a danger that evidence admissible against one defendant will be considered against another despite the admonitory precaution of the court? . . . Are the defenses of the defendants antagonistic to each other or to each other's rights?" *Cain v. State*, 235 Ga. 128, 129 (218 SE2d 856) (1975). It is clear from a consideration of that standard that the basic reason for severing the trials of two or more co-defendants is that a probability of prejudice against at least one of them exists such that a joint trial would deny that defendant due process. The record indicates that appellant's trial was severed from that of his co-indictee. Benjamin did not testify at his own trial and when called as a State's witness in appellant's trial, the only testimony he offered was that he had just been convicted of the same crime with which appellant was charged. Under these circumstances, it is clear that "[t]he purpose of the testimony, therefore, was to increase the probative value of other testimony tending to fix the crime upon [appellant] as being [the other] of those persons who were identified by the prosecutor." *Gray*

*v. State*, 13 Ga. App. 374, 375 (79 SE 223) (1913). See also *Hayes v. State*, 136 Ga. App. 746 (1) (222 SE2d 193) (1975). The use of such testimony to that end is impermissible. " 'Where two persons have been jointly indicted for the same offense, but are separately tried, a judgment of conviction against one of them is not competent on the trial of the other, inasmuch as his conviction is no evidence either of joint action or of the guilt of the accused.' [Cits.]" *Gray*, supra.

Appellee, citing *Gary v. State*, 156 Ga. App. 856 (275 SE2d 830) (1980), argues that Benjamin's testimony regarding his conviction was relevant to the issue of his credibility as ·a witness, and that if error occurred it was harmless. We disagree and find that *Gary* is distinguishable from the case before us. In *Gary* the co-defendant testified about matters in addition to his guilty plea and thus created some basis for a need to impeach his testimony. Here we have no other testimony from the witness save his admission of conviction, which clearly served no other purpose than to prejudice the jury against appellant, and, as such, its admission constituted reversible error. There was no basis for questioning his credibility as a witness since he did not offer any testimony that could be questioned.

As for the submission to the jury of the indictment with Benjamin's guilty verdict on it, it too was harmful error. Appellee argues that the *Gary* case also supports the trial court's action in this regard. We find that it does not. The court in *Gary* stated that the admission of the indictment showing the co-defendant's guilty plea served no useful purpose and constituted error rendered harmless due to the trial court's "careful instruction to the jury concerning the limited purpose of the evidence." Id. at 858. Inasmuch as there was no such instruction given in appellant's case, "[the trial] court's failure to excise the objectionable material or keep the indictment from the jury mandate[s] a reversal. [Cit.]" *Pope v. State*, 157 Ga. App. 154 (2) (276 SE2d 666) (1981).

*Judgment reversed. Deen, P. J., and Beasley, J., concur.*

DECIDED APRIL 7, 1986.

*Richard D. Allen, Jr.*, for appellant.
*Robert E. Keller, District Attorney, Albert B. Collier, Assistant District Attorney*, for appellee.