## 76232. BROWN v. THE STATE.
(370 SE2d 818)

McMurray, Presiding Judge.

Defendant brings this appeal from his convictions of burglary, rape and theft by taking. *Held*:

1. In his first enumeration of error, defendant contends he was entitled to a directed verdict of acquittal because the only direct evidence implicating him was the testimony of an accomplice who was impeached. Completing the argument, defendant contends the accomplice's testimony must be disregarded in its entirety (OCGA § 24-9-85 (b)) and that the remaining circumstantial evidence is not sufficient to sustain a conviction. This contention is without merit. A review of the transcript does not show that the accomplice gave "willfully and knowingly" false testimony. See OCGA § 24-9-85 (b); *Fugitt v. State*, 251 Ga. 451, 452 (1) (307 SE2d 471). Thus, the credit to be afforded the accomplice's testimony was a matter for the jury to resolve. OCGA § 24-9-85 (a). True, the accomplice admitted that he lied to the police when he was initially arrested. Lying to the police, however, does not constitute false swearing. See generally *Hill v. State*, 159 Ga. App. 489, 490 (2) (283 SE2d 703).

2. Relying upon OCGA § 24-3-52, defendant contends the trial court erred in admitting into evidence the statements which the accomplice made to the police. In view of the fact that the accomplice took the stand and was cross-examined by defendant's attorney, OCGA § 24-3-52 is inapplicable. *Lattimore v. State*, 175 Ga. App. 756, 757 (5) (334 SE2d 701). Accordingly, we find no error.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED JUNE 15, 1988.

*George M. Saliba II*, for appellant.
*H. Lamar Cole, District Attorney, Robert T. Gilchrist, Assistant District Attorney*, for appellee.