## 77028. GREER v. THE STATE.
(374 SE2d 337)

McMURRAY, Presiding Judge.

Defendant appeals his conviction of the offense of burglary. *Held*:

1. Defendant's first two enumerations of error raise an issue of whether the trial court erred in permitting the jury to learn that defendant's co-indictee pled guilty to the same offense of burglary upon which defendant was tried. The enumerations challenge the admission of evidence as to the co-indictee's plea, comments thereon, and the trial court's refusal to "redact" the indictment before the indictment was sent out to the jury.

We have acknowledged a "rule of inadmissibility with regard to a non-testifying co-indictee's guilty plea. The cases which apply this rule of inadmissibility rely upon the language of OCGA § 24-3-52 and, based upon the consequent irrelevancy or incompetency of that guilty plea as proof of the guilt of the defendant on trial, hold that it cannot be used as substantive evidence 'against' him. [Cits.]" *Foster v. State,* 178 Ga. App. 478, 479 (343 SE2d 745). OCGA § 24-3-52 is inapplicable to the case sub judice since the co-indictee took the stand and was subject to cross-examination by defendant's attorney. *Lattimore v. State,* 175 Ga. App. 756, 757 (5) (334 SE2d 701); *Jones v. State,* 169 Ga. App. 4, 6 (6) (311 SE2d 485). Also, since the jury was instructed that the co-indictee's guilty plea was not to be used as evidence of defendant's guilt there was no error. See *Foster v. State,* 178 Ga. App. 478, 480, 481, supra. Furthermore, the trial court's leading questions to the co-indictee did not amount to a prohibited comment on the

evidence since the questions propounded by the trial court did not constitute expressions or intimations of opinion as to what has or has not been proved or as to the guilt of the accused. *Cannon v. State*, 179 Ga. App. 142, 143 (2) (345 SE2d 623).

2. Defendant also enumerates as error the denial of his motion for mistrial based on the assistant district attorney's statement during closing argument that the State does not undertake the prosecution of cases frivolously. Defendant argues that this statement was a thinly shrouded expression of personal opinion as to defendant's guilt.

It is well settled that a district attorney may not state to the jury his personal belief in the defendant's guilt. *Walker v. State*, 132 Ga. App. 274, 275 (3) (208 SE2d 5). However, assuming that the statement to which defendant objected may be viewed as implying a belief in the defendant's guilt, we find no blatant misconduct. The record does not show that the remark was specifically addressed to defendant and we find that it is highly probable that error, if any, did not contribute to the verdict. We find no reversible error. *Castell v. State*, 250 Ga. 776, 789 (301 SE2d 234).

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 15, 1988 —
REHEARING DENIED OCTOBER 17, 1988.

*Christopher C. Edwards*, for appellant.
*William G. Hamrick, Jr., District Attorney, Agnes McCabe, Assistant District Attorney*, for appellee.