A91A2117. HENDRIX v. THE STATE.
(413 SE2d 232)

</div>

McMURRAY, Presiding Judge.

Defendant was convicted of knowingly obstructing a law enforcement officer in the lawful discharge of his official duties, a misdemeanor. This appeal comes after the denial of defendant's motion for a new trial. *Held*:

1. Following a fatal shooting in East Newnan, Georgia, by a Coweta County deputy sheriff, the Coweta County Sheriff's Department attempted to secure the scene of the shooting. A large crowd, including relatives of the deceased, made their way to the scene, shouting obscenities at the officers. Defendant, a cousin of the deceased, arrived and, along with several others, "continued to stir the crowd up." Defendant was told by several deputy sheriffs to leave the scene on several occasions.

One deputy, Lt. Kinsey, testified that his efforts to seal off the scene were hindered by defendant and the crowd. He warned defendant that he would be arrested if he did not leave. Defendant would leave, only to return again. When defendant returned to the scene for the third time, he was arrested.

" 'In order to prove obstruction of an officer, there must be some evidence of forcible resistance or opposition to the officer in the performance of his duties.' *Samples v. State*, 151 Ga. App. 179 (259 SE2d 178) (1979). Whether the actions of a defendant actually had the effect of hindering or impeding the officer is a decision for the trier of fact. *Sapp v. State*, 179 Ga. App. 614 (1) (347 SE2d 354) (1986). We hold that the evidence in the present case was sufficient to enable a rational trier of fact to find [defendant] guilty beyond a rea-

sonable doubt of the offense of obstructing an officer. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)." *Patterson v. State*, 191 Ga. App. 359 (381 SE2d 754).

2. Defendant contends the trial court should have granted a motion for mistrial which was made in the midst of the solicitor's opening argument. In this connection, defendant asserts the solicitor told the jury that he would not be prosecuting defendant if he did not have enough evidence to sustain a conviction. We find this contention to be without merit inasmuch as it is not supported by the record.

3. Defendant contends the trial court erred in permitting the deputies to give "hearsay" testimony regarding the sheriff's orders to disperse. Even if it can be said that the testimony constituted hearsay, but see OCGA § 24-3-3 and *Waller v. State*, 80 Ga. App. 488, 491 (56 SE2d 491), the deputies themselves testified that they ordered the crowd and defendant to leave the scene. Accordingly, we find no harmful error. "[T]he admission of evidence, even if erroneous, is not harmful where substantially similar facts are shown either by the defendant . . . or by other evidence, unobjected to. [Cits.]" *Waters v. State*, 122 Ga. App. 808, 809 (3), 810 (178 SE2d 770).

4. During direct examination, Lt. Kinsey testified that another person arrested at the scene "plead guilty in this . . ." When defendant moved for a mistrial, the trial court admonished the jury: "Ladies and gentlemen, Officer Kinsey stated or made a reference to the fact that one or two others plead guilty to a similar offense. I'm going to instruct you not to consider what happened to somebody else or what somebody else might have done as far as any charge against them. So I'll instruct you not to consider that in your deliberations in this case." Thereupon, the motion for a mistrial was renewed and overruled. Defendant contends the trial court erred in overruling his motion for a mistrial. We disagree.

We recognize that "a guilty plea of a joint offender is not admissible in evidence at the trial of another joint offender. *Gray v. State*, 13 Ga. App. 374, 375 (79 SE 223) (1913); *Hayes v. State*, 136 Ga. App. 746 (1) (222 SE2d 193) (1975); *Neal v. State*, 160 Ga. App. 834, 837 (3) (228 SE2d 241) (1982); *Foster v. State*, 178 Ga. App. 478, 479 (1) (343 SE2d 745) (1986). As pointed out in *Foster*, the cases which apply this rule of inadmissibility rely upon [OCGA] § 24-3-52 and . . . upon the consequent *irrelevancy* or *incompetency* of that guilty plea as proof of the guilt of the defendant on trial, and hold that the plea cannot be used as substantive evidence against him." *Mindock v. State*, 187 Ga. App. 508, 509 (370 SE2d 670). Accord *Boatwright v. State*, 193 Ga. App. 141, 142 (2) (387 SE2d 386). Reversal is not required, however, where a joint offender's guilty plea is admitted with instructions that it is not to be used as evidence of defendant's guilt. *Greer v. State*, 188 Ga. App. 808 (374 SE2d 337); *Foster v. State*,

supra.

"The trial court has broad discretion in fashioning a remedy to alleviate a problem created by the utterance of inadmissible evidence, and its exercise may not be reversed unless abused." *Whiteley v. State*, 188 Ga. App. 129, 130 (372 SE2d 296). Responding to defendant's motion for a mistrial, the trial court unequivocally instructed the jury that it was not to consider evidence of a joint offender's guilty plea.

"The trial court's role, in considering a mistrial, is to determine if such 'is essential to the preservation of the right to a fair trial, . . .' [Cits.]" *Whiteley v. State*, 188 Ga. App. 129, 131, supra. Was the trial court's curative instruction sufficient to provide defendant with a fair trial?

"We cannot say that, as a matter of law, the curative instructions were insufficient in this case to ameliorate the making of the statement which was promptly expelled from evidence. We do not assume that the jury could not or did not abide by the judge's instructions. They were given immediately after the gratuitous statement was made by the witness. . .

"While we agree that any law enforcement officer . . . should be apprised and apprise himself of the rules in connection with his testimony and abide by them, the law does not require a mistrial when one is breached. Whether it was a deliberate and conscious disregard in this case was not found by the trial judge, and on review we cannot make original findings or assume facts. We cannot ascertain from the record the manner in which it was said or the inflections and other facets of the excised communication. . . .

"Even if it was uttered with a sinister motive, a mistrial would not be *required*, because the question is one of fair trial. . . ." *Whiteley v. State*, 188 Ga. App. 129, 131, supra. It cannot be said the trial court abused its discretion in the case sub judice by fashioning a remedy short of a mistrial.

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED NOVEMBER 22, 1991.

*Glover & Davis, R. Keith Prater,* for appellant.
*John H. Cranford, Solicitor,* for appellee.