### A98A1992. PINCKNEY v. THE STATE.
(510 SE2d 923)

JOHNSON, Chief Judge.

A jury found Antone Pinckney guilty of one count of armed robbery and two counts of aggravated assault. He appeals from the convictions and the denial of his motion for new trial.

1. Pinckney contends the trial court erred in allowing the state to introduce evidence that his co-indictee pled guilty to the crimes. We agree that the trial court erred in admitting the evidence, reverse the convictions, and remand the case for a new trial.

Pinckney and Eric Overton were arrested together in connection with the armed robbery of a grocery store and the aggravated assaults of store customers and employees. The two men were jointly indicted and, before trial, Overton pled guilty to one count of armed robbery and five counts of aggravated assault. At trial, outside the presence of the jury, the state put Overton on the stand in order to see what his testimony would be, since he had indicated that he was not going to say anything if called as a witness in Pinckney's trial.

While on the stand outside of the jury's presence, Overton admitted that he pled guilty to armed robbery and aggravated assault, but otherwise refused to answer any questions about the crimes. The trial court instructed Overton that because he pled guilty to the offenses, he no longer had any right against self-incrimination regarding the crimes. The trial court ordered Overton to testify and informed him he could be held in contempt if he refused to answer the questions. Overton reiterated that he would not testify. The prosecutor informed the court that he would nonetheless call Overton as a witness.

When the jury returned, the prosecutor called Overton to the stand and asked him whether he pled guilty to the crimes charged in the indictment "that charged both you and Antone Pinckney with those offenses." Overton responded that he did, but added that he was only talking about himself and no one else. The prosecutor then asked Overton what he was wearing at the time he committed the crimes and whether Pinckney was with him at the time he was arrested for the crimes. Overton refused to answer these questions and gave no other testimony.

In general, a guilty plea of a joint offender is not admissible in evidence at the trial of another joint offender. See *Hendrix v. State*,

202 Ga. App. 54, 55 (4) (413 SE2d 232) (1991), overruled on other grounds, *Duke v. State*, 205 Ga. App. 689, 690 (423 SE2d 427) (1992); *Neal v. State*, 160 Ga. App. 834, 837 (3) (288 SE2d 241) (1982). See generally OCGA § 24-3-52. This rule does not apply where the joint offender is present at trial and testifies as a witness subject to cross-examination. See *Brown v. State*, 132 Ga. App. 200 (2) (207 SE2d 682) (1974); *Mindock v. State*, 187 Ga. App. 508 (2) (370 SE2d 670) (1988) (physical precedent only). Nor does it apply where the joint offender's guilty plea is admitted with instructions that it not be used as evidence of the defendant's guilt. See *Hendrix*, supra; *Greer v. State*, 188 Ga. App. 808 (1) (374 SE2d 337) (1988).

Although Overton briefly took the stand as a witness for the state, the trial court did not allow Pinckney to conduct any cross-examination of Overton. Thus, the testimony here did not come within the first exception. We note that the testimony Overton did give only concerned the guilty plea. Had he testified about relevant matters besides the plea, and had he been subject to cross-examination, his credibility could have been challenged and the danger of prejudice would not be so great. See *James v. State*, 196 Ga. App. 569, 570 (396 SE2d 306) (1990).

Furthermore, the trial court in this case gave no limiting instruction at the time the testimony was given and during the charge instructed the jury that it was *not required* to use the fact that the co-indictee pled guilty against Pinckney. That is not the same as instructing the jury that the testimony cannot be used as substantive evidence of Pinckney's guilt. See generally *Foster v. State*, 178 Ga. App. 478, 479 (1) (343 SE2d 745) (1986) (physical precedent only). The instruction given was not sufficient to provide Pinckney with a fair trial. Compare *Hendrix*, supra.

Under the circumstances presented in this case, it is clear that the purpose of the testimony was to increase the probative value of other testimony tending to show that Pinckney was the other of the two persons who committed the crimes. See *Dorminy v. State*, 178 Ga. App. 653, 654 (344 SE2d 475) (1986). The use of such testimony to that end is impermissible. Id. at 655; see generally *Mindock*, supra.

Even given the substantial evidence of Pinckney's guilt, we do not agree with the state that the error was harmless. To let the jury know that Pinckney's co-indictee pled guilty is extremely prejudicial and denies him his right to a fair trial; the only inference to be drawn from Overton's testimony is that because his co-indictee pled guilty, Pinckney must also be guilty, since he was apprehended at the same time and place as Overton, who admitted being one of the two men who committed the crimes. See *Mindock*, supra. Pinckney's conviction must be reversed. See *Boatwright v. State*, 193 Ga. App. 141, 142

(2) (387 SE2d 386) (1989). Under these circumstances, it was error to deny Pinckney's motion for a new trial. The case is remanded for a new trial.

2. In light of the foregoing, we do not reach Pinckney's remaining enumerations of error.

*Judgment reversed and case remanded for new trial. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JANUARY 22, 1999.

*Bruce S. Harvey*, for appellant.
*J. Tom Morgan, District Attorney, Robert M. Coker, Keith A. Carnesale, Assistant District Attorneys*, for appellee.