## A05A1907. SPRADLEY v. THE STATE.
### (625 SE2d 106)

MILLER, Judge.

Johnny Bernard Spradley was convicted on two counts of armed robbery. Following the denial of his motion for new trial, Spradley appeals, challenging the sufficiency of the evidence, the admission of his co-indictee's guilty plea, and the admission of his noncustodial statement. We discern no error and affirm.

1. Spradley argues that the evidence was insufficient to sustain his conviction. On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence showed that Spradley and two other men entered a convenience store with their faces covered and ordered two store employees to sit on the floor. With one of the three wielding a gun, and Spradley a box cutter, the men took jewelry from the two employees before taking cash and other items. A witness testified that he was present when the three men discussed their plan to rob the store and that he gave one of them a gun. He further testified that when the three returned, they discussed details of the robbery and ordered him to dispose of the gun. Spradley later admitted his involvement in the robbery, explaining that he participated under duress because one of the other two men threatened him at gunpoint.

This evidence sufficed to sustain Spradley's conviction for armed robbery. See OCGA § 16-8-41 (a) (a person commits armed robbery when he takes property from another by use of an offensive weapon); OCGA § 16-2-20 (b) (3) (person who aids or abets in commission of crime is guilty of the crime); see also *Howze v. State*, 201 Ga. App. 96, 97 (410 SE2d 323) (1991). The jury was free to disbelieve Spradley's contention that he did not voluntarily participate in the robbery.

2. Spradley argues that the trial court erred in allowing the admission of his co-indictee's guilty plea. We disagree.

"In general, a guilty plea of a joint offender is not admissible in evidence at the trial of another joint offender." (Citations omitted.)

*Pinckney v. State*, 236 Ga. App. 74 (1) (510 SE2d 923) (1999). This rule does not apply, however, "where the joint offender is present at trial and testifies as a witness subject to cross-examination. Nor does it apply where the joint offender's guilty plea is admitted with instructions that it not be used as evidence of the defendant's guilt." (Citations omitted.) Id. at 75 (1). Here, not only was the co-indictee present at trial and subject to cross-examination, but the trial court also instructed the jury that disposition of the case against any other person charged in the indictment was not evidence of Spradley's guilt. Thus the trial court did not err in allowing testimony concerning the co-indictee's guilty plea. *Greer v. State*, 188 Ga. App. 808, 808-809 (1) (374 SE2d 337) (1988).

3. Spradley contends that the trial court erred in allowing the admission of his statement to police admitting his involvement in the robbery. Specifically, he argues that because he was not *Mirandized* before he gave an earlier statement to police in which he denied his involvement and implicated others, his later statement was inadmissible as "fruit from the poisonous tree." We disagree.

When police first interviewed Spradley, he denied any involvement and implicated his two co-indictees. During this same interview, however, police *Mirandized* Spradley and asked him about his involvement in the robbery. It was then that Spradley admitted that he too participated in the robbery. Several days after the initial interview, police spoke with Spradley a second time. During this second interview, police properly *Mirandized* Spradley before he gave his written statement admitting his involvement.

Since *Miranda* warnings were not required when officers conducted the initial noncustodial interview with Spradley, we discern no error here. See *Ray v. State*, 273 Ga. App. 656, 658 (1) (615 SE2d 812) (2005) (a suspect must be in custody for *Miranda* to apply). In any event, "[h]e was . . . advised of his *Miranda* rights before he confessed to the crimes orally and then in writing." Id. at 659 (1).

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED DECEMBER 13, 2005.

*Lon P. Kemeness*, for appellant.
*C. Paul Bowden, District Attorney, Bradford L. Rigby, Assistant District Attorney*, for appellee.