## A11A0971. ROBINSON v. THE STATE.
### (717 SE2d 694)

BLACKWELL, Judge.

Arthur Robinson was tried by a Muscogee County jury and convicted of burglary.[1] He appeals, contending that the court below erred when it denied his motion for mistrial and that he was deprived at trial of the effective assistance of counsel. We find no merit in these contentions and affirm.

Viewed in the light most favorable to the judgment below,[2] the evidence adduced at trial shows that, on June 22, 2005, the owner of a closed laundry and dry-cleaning business went to the building in which her business was located and heard loud noises inside the building, which sounded like someone striking a metal object with a hammer. She called police, and a responding officer found Robinson and Pamela Johnson inside the building. Robinson was behind a machine, striking metal with a large plumbing wrench. According to the officer, Robinson explained that he was in the building to get "some iron and copper," and Robinson pointed out three six-to-eight foot pieces of metal pipe he already had broken off. The officer testified that after he arrested Robinson, Robinson admitted that he had entered the same building on three prior occasions to procure iron and copper pipe. The president of a scrap metal recycling business testified at trial that Robinson tried several times to sell scrap metal to him in the spring of 2005. Robinson also testified, claiming that he and Johnson entered the building to engage in intimate relations and that he was not attempting to steal any metal pipe, but only to use it to bar the door and ensure their privacy.

1. Both Robinson and Johnson were charged with burglary for entering the building that housed the laundry and dry-cleaning

---

[1] See OCGA § 16-7-1 (a).

[2] "On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict . . . ." *Jupiter v. State*, 308 Ga. App. 386, 386 (707 SE2d 592) (2011).

business, and Johnson pled guilty to the burglary charge before trial. She did not testify against Robinson at trial, but the prosecuting attorney nevertheless elicited testimony about her guilty plea from the officer who had found Robinson and Johnson in the building:

Q: Are you aware that [Johnson] pled guilty to burglary last week?

A: Yes, sir, I'm aware.

Q: And are you aware that she pled guilty to theft by receiving stolen property?

Robinson's lawyer objected and moved for a mistrial. The trial court correctly sustained the objection because Johnson did not testify and, as the State now concedes, evidence of her guilty plea was inadmissible. See *Pinckney v. State*, 236 Ga. App. 74, 74 (1) (510 SE2d 923) (1999) ("In general, a guilty plea of a joint offender is not admissible evidence at the trial of another joint offender."); see also *Sillah v. State*, 291 Ga. App. 848, 851 (2) (663 SE2d 274) (2008); *Spradley v. State*, 276 Ga. App. 842, 842 (2) (625 SE2d 106) (2005). The trial court denied the motion for mistrial, however, and instead gave the following remedial instruction to the jury:

[W]hen the officer testified, he was asked a question about the co-defendant entering a plea of guilty to these charges. Under Georgia law, that should not be admissible at all, should not be considered by you at all concerning this defendant because anything the co-defendant pleads guilty to is just simply not admissible. . . .

[Y]ou shall not in any way infer any kind of guilt to the accused that's on trial that the co-defendant entered a plea since that individual is not here to be cross-examined. . . . So I'm asking you to please, when you do start discussing credibility of the witnesses and testimony of the witnesses and the evidence presented, that you clearly not consider in any way at all anything the co-defendant may have said to anyone or any statement that's been admitted into evidence today from a co-defendant.

In light of this remedial instruction, we think the trial court did not abuse its considerable discretion when it denied the motion for mistrial.

The utterance of such inadmissible testimony does not always require a mistrial, so long as the trial court gives an adequate, corrective instruction that the jury cannot consider it as evidence of

the guilt of the accused. See *Pinckney*, 236 Ga. App. at 75 (1); see also *Hendrix v. State*, 202 Ga. App. 54, 56 (4) (413 SE2d 232) (1991), overruled on other grounds, *Duke v. State*, 205 Ga. App. 689, 690 (423 SE2d 427) (1992). As we have explained before, "[t]he trial court has broad discretion in fashioning a remedy to alleviate a problem created by the utterance of inadmissible evidence, and its exercise [of this discretion] may not be reversed unless abused." *Whiteley v. State*, 188 Ga. App. 129, 130 (1) (372 SE2d 296) (1988); see also *Clay v. State*, 216 Ga. App. 310, 312 (2) (454 SE2d 198) (1995). Likewise, "[w]hether to grant a motion for mistrial is within the trial court's sound discretion, and the trial court's exercise of that discretion will not be disturbed on appeal unless a mistrial is essential to preserve the defendant's right to a fair trial." *Watson v. State*, 289 Ga. 39, 42 (7) (709 SE2d 2) (2011) (citation and punctuation omitted). The remedial charge in this case, which repeatedly admonished the jury that Johnson's guilty plea was not to be considered in any way with respect to the guilt of the accused, was sufficient to remedy the error and render a mistrial unnecessary. See *Hendrix*, 202 Ga. App. at 55-56 (curative instruction sufficient to remedy error). Accordingly, the trial court did not err when it denied the motion for mistrial.

2. We turn next to the contention that Robinson was denied the effective assistance of counsel at trial. To prevail on his claim of ineffective assistance, Robinson must prove both that the performance of his lawyer at trial was deficient and that he was prejudiced by this deficient performance. *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SC 2052, 80 LE2d 674) (1984). To prove that the performance of his lawyer was deficient, Robinson must show that his lawyer performed his duties at trial in an objectively unreasonable way, considering all the circumstances and in the light of prevailing professional norms. See id. at 687-688; see also *Kimmelman v. Morrison*, 477 U. S. 365, 381 (II) (C) (106 SC 2574, 91 LE2d 305) (1986). And to prove that he was prejudiced by the performance of his lawyer, Robinson must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U. S. at 694 (III) (B); see also *Williams v. Taylor*, 529 U. S. 362, 391 (III) (120 SC 1495, 146 LE2d 389) (2000). This burden, although not impossible to carry, is a heavy one. See *Kimmelman*, 477 U. S. at 382 (II) (C).

Robinson contends that his lawyer was ineffective because, when the prosecuting attorney offered certified copies of his four prior felony convictions to impeach his testimony under OCGA § 24-9-84.1 (a) (2), his lawyer failed to object that the probative value

of these convictions did not substantially outweigh their prejudicial effect and that the convictions, therefore, should not be admitted. One of these convictions — an April 2000 conviction for possession of cocaine — was entered only about five years before Robinson was tried for burglary, and the trial court certainly could have concluded, if an objection had been made, that such a recent conviction for a serious crime was probative of his credibility as a testifying witness. Moreover, this prior conviction involved conduct dissimilar to the burglary for which Robinson was on trial, making it less likely that Robinson would be unfairly prejudiced by its admission.[3] We think the trial court properly could have concluded that the probative value of this prior conviction substantially outweighed any prejudicial effect and exercised its discretion to admit evidence of this conviction under OCGA § 24-9-84.1 (a) (2) over objection, so the failure to object to the admission of a certified copy of this objection was not unreasonable.

Even assuming that Robinson has shown that the failure of his lawyer to object to the admission of the other three prior convictions was unreasonable, we do not think Robinson has carried his burden of proving a reasonable probability that the failure to object affected the outcome of his trial, mostly because two of the prior convictions, even if inadmissible under OCGA § 24-9-84.1, would have been admitted anyway, under OCGA § 24-9-82, to disprove facts to which Robinson testified. As part of an effort to portray himself as a naive innocent, to whom it never occurred that entering the building of another without permission and, while inside the building, dismantling pipe could lead to him being charged with a crime, Robinson claimed in his testimony that "I never had no charge like this before. . . . I've never been charged like this before." "A witness may be impeached by disproving the facts testified to by him," OCGA § 24-9-82, and where a criminal defendant testifies and volunteers a denial of prior criminal conduct of a certain nature, evidence that he previously committed crimes of that nature may be admissible to disprove his denial, even though the evidence incidentally reflects upon his character. See *Williams v. State*, 257 Ga. 761, 763 (4) (c) (363 SE2d 535) (1988). Two of the prior convictions that were admitted against Robinson without any objection from his lawyer —

---

[3] If a prior conviction involves conduct similar to the conduct for which the defendant is being tried, there is some risk that a jury will see it not merely as evidence of his credibility, but as evidence that he probably engaged in the conduct for which he is being tried. The potential for prejudice in such circumstances is greater. See Mueller & Kirkpatrick, *Evidence* § 6.46 at 625 (1995) ("When the accused is a witness, the closer the resemblance between the charged crime and the crime leading to the prior conviction offered, the greater the potential prejudice to the defendant.").

one for criminal trespass and the possession of tools for the commission of a crime,[4] the other for felony theft by taking — tend to disprove his claim that he never before had been charged with anything like the crime for which he was on trial, and they properly would have been admitted under OCGA § 24-9-82. See *Gaither v. State*, 194 Ga. App. 213, 214 (1) (390 SE2d 113) (1990) (prior convictions for criminal trespass and theft by receiving admissible to disprove testimony of accused that he had never done anything like an armed robbery); see also *Martinez v. State*, 303 Ga. App. 166, 171 (3) (692 SE2d 766) (2010) (prior arrest for possession of marijuana admissible to disprove testimony of accused that his only prior marijuana charge involved "a couple of joints behind the seat" of which he was unaware); *Leary v. State*, 256 Ga. App. 639, 642 (2) (569 SE2d 593) (2002) (prior conviction for theft by taking admissible to disprove testimony of accused that created impression that accused was trustworthy and would not steal); *Porter v. State*, 240 Ga. App. 554, 555 (524 SE2d 259) (1999) (prior convictions for possession of cocaine admissible to disprove testimony of accused that "I don't carry no drugs").

Given that three prior convictions properly could have been admitted in any event, we do not think Robinson has shown a reasonable probability that the admission of the fourth — a 1994 conviction for possession of cocaine and attempted sale of cocaine — affected the outcome of this case. The trial court described the evidence in this case as "overwhelming." Robinson was found inside the building of another, without permission, hammering on metal pipe with a large wrench. According to a police officer, Robinson admitted that he was "getting some iron and copper," and according to the officer, he pointed to pieces of pipe he had already broken off. In addition, the officer testified that Robinson admitted that he had entered the same business on three other occasions for the same purpose, and this evidence was corroborated by the president of a scrap metal recycling business, who testified that Robinson had tried to sell him scrap metal in the months preceding the burglary. In his testimony, Robinson did not deny entering the building or breaking off the pipe, but he claimed that he only wanted to use it to bar the door, notwithstanding that he apparently had broken off three pieces

---

[4] Robinson also complains that his trial lawyer divulged a privileged communication concerning this prior conviction when the lawyer said that Robinson had, in fact, signed the prior conviction. As we understand the record, the lawyer made this statement in the course of trying to explain Robinson's own confusing testimony, to clarify that Robinson was the person who had been convicted, but that Robinson did not specifically remember the nature of the charges of which he had been convicted. In any event, Robinson offers no explanation for how this statement of his lawyer, even if it was improper, affected the outcome of the trial.

of pipe and was in the process of breaking off a fourth when he was discovered, leaving the jury to wonder why Robinson needed so many pieces of pipe to bar the door. Robinson also claimed that the officer had fabricated the statements that had been attributed to Robinson and that the president of the scrap metal recycling business had fabricated his testimony about his dealings with Robinson. With evidence of three prior convictions properly admitted — two for crimes similar to the crime with which Robinson was charged — we doubt that the failure of his lawyer to object to the fourth prior conviction had any effect at all on the outcome of the trial. Robinson has failed to show us a reasonable probability that it did, and having so failed, he has not carried his burden to show prejudice under *Strickland*. See *Everett v. State*, 297 Ga. App. 351, 354 (677 SE2d 394) (2009). We, therefore, affirm the judgment of conviction entered below.

*Judgment affirmed. Barnes, P. J., and Adams, J., concur.*

DECIDED OCTOBER 18, 2011.

*William J. Mason*, for appellant.
*Julia Fessenden Slater, District Attorney, Douglas L. Breault, Assistant District Attorney*, for appellee.