## 58260. SAMPLES v. THE STATE.

BANKE, Judge.

The defendant appeals his conviction for obstruction of an officer, enumerating as error the denial of his two motions for directed verdict of acquittal. The accusation charged that the defendant did "knowingly and wilfully obstruct and hinder a law enforcement officer, to-wit: Dan Bishop, in the lawful discharge of his official duties by trying to hide Jimmy Nell Woody under bed in Room 218 at Days' Inn."

Officer Bishop did not testify, and there is no evidence in the transcript to indicate that the defendant obstructed him in any way. Nor is there any evidence to indicate that the defendant hid Jimmy Nell Woody under the bed, although it can certainly be inferred from the testimony that he knew Jimmy Nell was there and was not disposed to share that knowledge with police. *Held:*

In order to prove obstruction of an officer, there must be some evidence of forcible resistance or opposition to the officer in the performance of his duties. See *McCook v. State,* 145 Ga. App. 3 (2) (243 SE2d 289) (1978). The evidence in this case was wholly insufficient to show that the defendant obstructed Officer Bishop or any other officer on the scene in such a manner. Thus, it was error to refuse to grant a directed verdict of acquittal.

*Judgment reversed. McMurray, P. J., and Underwood, J., concur.*

SUBMITTED JULY 12, 1979 — DECIDED SEPTEMBER 4, 1979.

*Hulon Murray,* for appellant.
*Howard Oliver, Jr., Solicitor,* for appellee.