## A89A0426. PATTERSON v. THE STATE.
(381 SE2d 754)

Banke, Presiding Judge.

Barbara Patterson appeals her convictions of (misdemeanor) obstruction of a law enforcement officer (OCGA § 16-10-24 (a)), impersonating an officer, and speeding.

After being stopped for speeding by an officer of the Lake City Police Department, the appellant exited her car and began to approach the police vehicle. The officer testified that he asked the appellant to remain where she was, whereupon she responded with a "verbal tirade" of abusive language and claimed to be an Atlanta police officer. He stated that the appellant continued to refuse to comply with his instructions that she leave the road and return to her car, although, in his opinion, her presence in the roadway posed a safety hazard to both of them. He then advised her that she would be arrested for obstructing an officer if she continued to disobey. Several minutes later, the chief of police arrived on the scene in response to the first officer's call for assistance; and the two officers arrested the appellant and removed her from the roadway. At a subsequent bond hearing, the appellant informed the magistrate that she was a City of Atlanta police officer; however, it was shown at trial that she was not actually a police officer, although she was employed by the City of Atlanta Police Department in a civilian capacity as a crime scene technician. *Held*:

1. The appellant challenges the sufficiency of the evidence to support her conviction of obstructing an officer. The offense is committed by "knowingly and willfully obstruct[ing] or hinder[ing] any law enforcement officer in the lawful discharge of his official duties. . . ." OCGA § 16-10-24 (a). "In order to prove obstruction of an officer, there must be some evidence of forcible resistance or opposition to the officer in the performance of his duties." *Samples v. State*, 151 Ga. App. 179 (259 SE2d 178) (1979). Whether the actions of a defendant actually had the effect of hindering or impeding the officer is a decision for the trier of fact. *Sapp v. State*, 179 Ga. App. 614 (1) (347 SE2d 354) (1986). We hold that the evidence in the present case was sufficient to enable a rational trier of fact to find the appellant

guilty beyond a reasonable doubt of the offense of obstructing an officer. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Prior to trial, the appellant filed a *Brady* motion requesting access to the personnel records of the two arresting officers, "showing the reason for leaving any previous law enforcement employment" and also "any disciplinary action taken in the course of their . . . employment." On appeal, she contends that the trial court erred in failing to order the production of these files for inspection in camera.

"When the defense seeks to discover the personnel files of an investigating law enforcement officer, some showing of need must be made." *Cargill v. State*, 255 Ga. 616, 638 (23) (340 SE2d 891) (1986). See also *Taylor v. State*, 182 Ga. App. 494 (1) (356 SE2d 216) (1987). Because the appellant failed to establish how the officers' files were relevant or material to her guilt or innocence, the trial court did not err in refusing to order the production of these documents.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED APRIL 3, 1989 —
REHEARING DENIED APRIL 19, 1989 — ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Janet G. Scott*, for appellant.
*Robert E. Keller, District Attorney, Daniel J. Cahill, Jr., Assistant District Attorney*, for appellee.