A90A0035, A90A0036. WILLIAMS v. THE STATE (two cases).
(395 SE2d 399)

McMURRAY, Presiding Judge.

Defendants Bernard Williams and Nancy Williams, husband and

wife, were indicted for the offense of obstructing a law enforcement officer (felony grade) in that, on July 21, 1988, in Floyd County, Georgia, they "did unlawfully then and there knowingly and willfully obstruct, resist and oppose Rick Peace, a law enforcement officer in the lawful discharge of his official duties, by offering and doing violence to the person of said officer by hitting Rick Peace in the face and head. . . ." Following separate jury trials, each defendant was convicted of obstructing a law enforcement officer (misdemeanor grade) and sentenced accordingly. Each defendant moved for a new trial and upon their motions being overruled, defendant Nancy Williams appeals in Case No. A90A0035 and defendant Bernard Williams appeals in Case No. A90A0036.

The following evidence was adduced upon the trial of each case: Officer Peace, a City of Rome police officer, arrived at the scene of an automobile accident on Woodbine Avenue. One of the vehicles involved in the collision had been operated by defendant Bernard Williams. Defendant Nancy Williams, defendant Bernard Williams' wife, was a passenger in his vehicle. Following a brief investigation, the officer determined that Mr. Williams was at fault for "improper backing." The officer informed Mr. Williams that he would indicate that Mr. Williams was at fault on an accident report — but he added that he would not give him a ticket. Mr. Williams began "using his mouth" and he and the officer exchanged words. Thereupon, the officer asked Mr. Williams to sit in the officer's patrol car. Mr. Williams replied that he would not get in the patrol car unless he was under arrest. Thereupon, the officer arrested him. When the officer began to place Mr. Williams in the patrol car, Mrs. Williams moved toward the officer, grabbed his arm and said, "no." Fending off Mrs. Williams, who was seven months pregnant, the officer flung her against the side of the patrol car. Angered by what he perceived to be an attack on his wife, Mr. Williams hit the officer in the face, knocking him to the ground and rendering him unconscious. Defendants remained at the scene until other policemen arrived.

Witnesses testified Officer Peace initially placed Mr. Williams under arrest for improper backing. Officer Peace testified, on the other hand, that he arrested defendant Bernard Williams for disorderly conduct and improper backing. *Held*:

## Case No. A90A0035

1. Although each defendant was accused of hitting Officer Peace "in the face and head," the evidence demonstrated that Mrs. Williams did no more than grab the officer's arm and say "no" as the officer tried to arrest Mr. Williams and put him in a patrol car. Accordingly, in Mrs. Williams' trial, the trial court ruled that the evi-

dence was insufficient to convict Mrs. Williams of felony obstruction of an officer. Nevertheless, the trial court let the case go to the jury on the lesser included offense of misdemeanor obstruction of an officer. See OCGA § 16-10-24; *Clarke v. State*, 239 Ga. 42, 43 (1) (235 SE2d 524). See also *Patterson v. State*, 191 Ga. App. 359 (381 SE2d 754).

Mrs. Williams contends the trial court erred in submitting the case to the jury on the offense of misdemeanor obstruction of an officer because of a fatal variance between the allegata and probata. In this regard, she points out that although she was accused of hitting the officer in the face and head, the evidence demonstrated only that she grabbed the officer's arm. This contention is without merit. Mrs. Williams was not convicted of felony obstruction charges. Rather, she was convicted of the lesser included offense of misdemeanor obstruction. Since the offense of misdemeanor obstruction does not contain the element of "violence" (as does the offense of felony obstruction), any allegations regarding the means by which defendant committed the violence were unnecessary with regard to her conviction. " 'In criminal law an unnecessarily minute description of a necessary fact must be proved as charged; but an unnecessary description of an unnecessary fact need not be proved.' [Cit.]" *Bell v. State*, 227 Ga. 800, 801 (1), 802 (183 SE2d 357).

Mrs. Williams relies upon *Evans v. State*, 138 Ga. App. 620 (227 SE2d 448), to support her contention that her conviction cannot be upheld. In that case, that defendant was indicted for obstructing law enforcement officers by biting one of the officers and kicking the other officer. He was also indicted for two counts of simple battery by biting one of these same officers and kicking the other of these officers. That defendant was convicted on the obstruction charge and acquitted on the simple battery charges. On appeal, the obstruction conviction was reversed because it was inconsistent with the simple battery acquittals.

*Evans v. State*, supra, is inapposite. Only one verdict was rendered in the case sub judice. Besides, unlike Mrs. Williams, Evans was not convicted of a lesser included offense.

### Case No. A90A0036

2. Next, defendant Bernard Williams contends the trial court erred in refusing to allow him to argue the "illegality" of his arrest, and in instructing the jury that "you are not to concern yourself with whether the arrest [of Mr. Williams] was legal or illegal." Defendant reasons that the jury had a right to determine whether his assault of Officer Peace was justified resistance to an unlawful arrest. See *Mason v. State*, 147 Ga. App. 179, 182 (6) (248 SE2d 302).

In the case sub judice, defendant Bernard Williams testified that

he struck Officer Peace in defense of his wife, not in resistance to an unlawful arrest. On direct examination defendant Bernard Williams testified: "Q. . . . Why did you hit him? A. I hit him because he had slammed my wife against the car, and I thought he was trying to hurt her. . . . I wasn't trying to cause no harm to him whatsoever. I was protecting my wife. . . ." Under these circumstances, the trial court did not err in charging the jury that it was not to consider the legality or illegality of defendant Bernard Williams' arrest. Nor can it be said the trial court erred in preventing defense counsel from arguing the "illegality" of defendant's arrest. "[C]ounsel should not ' "go outside the facts appearing in the case . . . and lug in extraneous matters as if they were a part of the case. . . ." ' *Smith v. State*, 74 Ga. App. 777, 792 (41 SE2d 541) (1947)." *Conner v. State*, 251 Ga. 113, 122 (6), 123 (303 SE2d 266). The enumeration is without merit.

*Judgments affirmed in Case No. A90A0035 and in Case No. A90A0036. Carley, C. J., concurs. Sognier, J., concurs specially.*

SOGNIER, Judge, concurring specially.

I concur fully in Case No. A90A0035 and specially in Case No. A90A0036. Although appellant Bernard Williams testified that he struck the officer in defense of his wife, there was some testimony from witnesses suggesting that the altercation arose from Williams' protest that his arrest was illegal. Nonetheless, I agree with the majority's conclusion on this enumeration because I believe the arrest of Williams was valid and thus the trial court's ruling and charge were correct. The officer testified that he arrested Williams for improper backing (violation of OCGA § 40-6-240 (a)) and disorderly conduct. The arrest for disorderly conduct was valid pursuant to OCGA § 17-4-20 (a), which authorizes a warrantless arrest for a crime committed in the presence of or within the immediate knowledge of the arresting officer. See *Veit v. State*, 182 Ga. App. 753, 755-757 (2) (357 SE2d 113) (1987). Similarly, OCGA § 17-4-23 (a) provides that "[a] law enforcement officer may arrest a person accused of violating any law or ordinance governing the operation . . . of motor vehicles by the issuance of a citation, . . . [and] where the offense results in an accident, an investigating officer may issue citations regardless of whether the offense occurred in the presence of a law enforcement officer." I agree with the reasoning of the Eleventh Circuit in *United States v. Wilson*, 853 F2d 869, 872-873 (11th Cir. 1988), wherein the court concluded the "may arrest . . . by the issuance of a citation" language in OCGA § 17-4-23 (a) affords law enforcement officers the discretion to arrest by issuing citations, but does not preclude a custodial arrest under the circumstances set forth in the statute, which were met here.

DECIDED JUNE 28, 1990.

*Patton & Price, Charles G. Price,* for appellants.
*Stephen F. Lanier, District Attorney, Fred R. Simpson, Assistant District Attorney,* for appellee.