A91A1218. HERREN v. THE STATE.
(411 SE2d 552)

Judge Arnold Shulman.

Appellant Woody Herren was convicted of obstructing an officer. He contends on appeal that the evidence did not support the jury's verdict and that the trial court erred in failing to give certain jury charges which he requested.

On the day prior to the events for which the appellant was on trial, a deputy sheriff came to the home of Vincent Herren, the appellant's brother, attempting to serve divorce papers on him. Vincent refused to accept the papers and slammed the door in the deputy's face, whereupon the deputy went to Vincent's place of employment to determine when he was expected back at work. After learning that Vincent was not expected back at work until Monday morning, the deputy swore out a warrant for his arrest for obstructing an officer. Accompanied by a backup officer, the deputy returned to Vincent's house the following day to execute this warrant and to attempt again to serve the divorce papers on him. The appellant, who was in the process of moving to Georgia from Florida, was present at Vincent's house at this time, having arrived there earlier that day with a truckload of furniture. The deputy testified that upon his arrival, the appellant immediately confronted him and asked him, "Are you the son-of-a-bitch that come to *my* job yesterday looking for me?" (Emphasis supplied.) The deputy stated that he asked the appellant, "Are you Mr. Herren?" and that the appellant answered, "Yes I am." The deputy testified that he then informed the appellant that he was under arrest for obstruction of an officer and would be taken to jail and that the appellant responded, "Let's go." He stated that before leaving he asked the appellant if anyone else was in the house and that the appellant replied: "I ain't got to answer that. I ain't going to answer that." Although the officers checked inside and found no one,

there was evidence from which the jury could have inferred that the appellant's brother, Vincent, had in fact been on the premises at the time the officers arrived. The deputy testified that after being transported to the jail, the appellant informed him for the first time that he was not Vincent and that he had arrested the wrong person. *Held*:

1. The offense of obstructing an officer is committed when "[a] person . . . knowingly and wilfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties. . . ." OCGA § 16-10-24. "In *Hudson v. State*, 135 Ga. App. 739 (2) (218 SE2d 905) (1975), we held that a factfinder could find that refusal to provide identification to an officer could hinder the officer in the execution of the officer's duties." *Bailey v. State*, 190 Ga. App. 683, 684 (379 SE2d 816) (1989). While the appellant in the present case was never asked to provide identification, a rational trier of fact could reasonably have concluded beyond a reasonable doubt from the evidence that by his statements and actions he had deliberately misled the deputy into mistaking him for his brother. Inasmuch as such conduct could reasonably be considered to have obstructed or hindered the deputy in the performance of his official duties, we hold that the trial court did not err in denying the appellant's motion for directed verdict of acquittal.

2. All of the requested jury charges at issue involved types or examples of conduct which will or will not support a conviction of obstructing an officer. We conclude that to the extent these requested charges were adjusted to the evidence, the legal principles embodied therein were adequately covered by the court's charge as given. We accordingly hold that this enumeration of error provides no ground for reversal.

*Judgment affirmed. Carley, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 15, 1991.

*Underwood & Mathis, Billy C. Mathis, Jr.*, for appellant.
*Britt R. Priddy, District Attorney*, for appellee.