## A92A1418. DUKE v. THE STATE.
(423 SE2d 427)

CARLEY, Presiding Judge.

After a bench trial, appellant was found guilty of misdemeanor obstruction of an officer in violation of OCGA § 16-10-24 (a). She appeals from the judgment of conviction and sentence entered by the trial court on its finding of her guilt, and enumerates only the general grounds.

The evidence in the instant case, when construed most favorably for the State, would authorize a finding that, when officers went to appellant's home with a warrant for the arrest of another individual, she knowingly lied and informed them that the arrestee was not there. Citing *Samples v. State*, 151 Ga. App. 179 (259 SE2d 178) (1979), appellant urges that this evidence is not sufficient to authorize her conviction, because she merely lied to the officers and did not employ words which could be construed as "*forcible* resistance or opposition to the officer[s] in the performance of [their] duties." (Emphasis supplied.)

*Samples* was decided under former OCGA § 16-10-24. In 1986, however, former OCGA § 16-10-24 was stricken and replaced by existing OCGA § 16-10-24. Ga. L. 1986, p. 484. Existing OCGA § 16-10-24 (b) now provides that the act of "offering or doing violence to the person" of an officer who is in the performance of his official duties is guilty of a felony. There is certainly no evidence that appellant offered to do any violence to the officers by threatening them with physical force. However, appellant was not convicted of felony obstruction in violation of existing OCGA § 16-10-24 (b). She was convicted of misdemeanor obstruction in violation of existing OCGA § 16-10-24 (a). That statute provides that a "person who knowingly and wilfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties [other than by offering or doing violence to his person] is guilty of a misdemeanor." Accordingly, *Samples* is inapplicable because "the offense of misdemeanor obstruction [under existing OCGA § 16-10-24 (a) no longer] contain[s] the element of 'violence' (as does the offense of felony obstruction [under existing OCGA § 16-10-24 (b)]). . . ." *Williams v. State*, 196 Ga. App. 154, 156 (1) (395 SE2d 399) (1990).

Despite the fact that former OCGA § 16-10-24 was replaced in 1986 and it is now necessary to show that violence was offered or done only in the case of felony obstruction, *Samples* has continued to be cited as authority for the proposition that a conviction for *misde-*

*meanor* obstruction under *existing* OCGA § 16-10-24 (*a*) requires evidence of *forcible* resistance or opposition. See *Hendrix v. State*, 202 Ga. App. 54 (1) (413 SE2d 232) (1991); *Cason v. State*, 197 Ga. App. 308 (398 SE2d 292) (1990); *Patterson v State*, 191 Ga. App. 359 (1) (381 SE2d 754) (1989). To the extent that these or any other cases stand for the proposition that a conviction for *misdemeanor* obstruction under *existing* OCGA § 16-10-24 (*a*) requires evidence that *violence* was offered or done, they are erroneous and hereby overruled. A conviction for *felony* obstruction under *existing* OCGA § 16-10-24 (*b*) requires proof that the accused offered or did *violence* to the person of an officer, but a conviction for misdemeanor obstruction under existing OCGA § 16-10-24 (a) does *not*. *Williams v. State*, supra at 156 (1).

In *Hudson v. State*, 135 Ga. App. 739, 743 (3) (218 SE2d 905) (1975), it was held that the act of wilfully lying to an officer, who is attempting to execute an arrest warrant, as to the present location of the arrestee "could hinder an officer while he was attempting to carry out his duties of serving a warrant." *Hudson* was decided under former OCGA § 16-10-24 and appellant urges that its holding is erroneous because it ignores the element of force which was required to secure a conviction under that former statute. However, even assuming that *Hudson* was erroneously decided under former OCGA § 16-10-24, it is nevertheless clear that force or violence is not an element of misdemeanor obstruction under existing OCGA § 16-10-24 (a) and that verbal exchanges without threats of force and violence can authorize a conviction under that statute. See *Herren v. State*, 201 Ga. App. 509, 510 (1) (411 SE2d 552) (1991); *Bailey v. State*, 190 Ga. App. 683 (379 SE2d 816) (1989). Wilfully lying to an officer, who is attempting to execute an arrest warrant, as to the present location of the arrestee does not constitute a mere verbal exchange. As verbal threats of force and violence can hinder an officer and authorize a felony conviction under existing OCGA § 16-10-24 (b), lying with the intent of misdirecting him as to the performance of his official duties can certainly constitute a hinderance and authorize a misdemeanor conviction under existing OCGA § 16-10-24 (a).

Whether or not appellant's lie had the effect of hindering or obstructing the officers in making the arrest was for the trior of fact to decide. *Sapp v. State*, 179 Ga. App. 614, 615 (1) (347 SE2d 354) (1986). "The trial court was authorized to find that appellant's [lie as to whether the arrestee was present in her home] . . . actually hindered and obstructed [the] [o]fficer[s] . . . in [their efforts to make the arrest]. Therefore, applying the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), we find the evidence sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of the offense of obstruction of an officer."

*Bailey v. State*, supra at 684.

*Judgment affirmed. Sognier, C. J., McMurray, P. J., Birdsong, P. J., Pope, Cooper, Andrews and Johnson, JJ., concur. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I agree with the majority's analysis except with respect to *Cason v. State*, 197 Ga. App. 308 (398 SE2d 292) (1990). *Samples* was not cited for the proposition that there had to be violence to the officer or the threat of violence to the officer, but rather "forcible resistance or opposition" such as the flight from the officer after being ordered to halt. The last paragraph of *Cason* confirms this. As said earlier in that opinion, "[s]uch actions [of forcible resistance or opposition] may take the form of . . . flight from the officer after being ordered to halt."

It should not be considered overruled because it did not require evidence that *violence* was offered or done. It affirmed the conviction upon finding sufficient the "[e]vidence that [Cason] *fled* from the officer after being ordered to remove his hand from his pocket and step forward. . . ." (Emphasis supplied.)

DECIDED OCTOBER 2, 1992.

*Garland B. Cook, Jr.*, for appellant.
*Stephen F. Lanier, District Attorney, Tambra P. Colston, Assistant District Attorney*, for appellee.