## A93A2334. WOODY v. THE STATE.
(441 SE2d 505)

SMITH, Judge.

Johnny Long Woody was indicted by a Fulton County grand jury on a felony charge of habitual violator, OCGA § 40-5-58. The indictment alleged that Woody "on the 17th day of September, 1992 did unlawfully operate a motor vehicle after accused had received notice that his driver's license had been revoked under the provisions of Section 40-5-58 of the Driver's Licensing Act, notice to accused having been given September 28, 1987, in accordance with said laws, and accused thereafter had not obtained a valid driver's license." Woody filed a "Motion to Dismiss/General Demurrer" in which he challenged the date of notice, contending that notice had actually been given to him on August 15, 1987. The State acknowledged that the August date of notice was correct. The trial court granted the motion as to the felony charge but allowed the case to proceed on a misdemeanor charge under the same Code section. Woody's motion for a continuance was denied.

Woody then entered a plea of guilty to the misdemeanor charge under OCGA § 40-5-58, reserving his right to appeal the trial court's refusal to dismiss the misdemeanor charge. See *Mims v. State*, 201 Ga. App. 277 (410 SE2d 824) (1991).

1. Woody first enumerates as error the failure of the trial court to dismiss the indictment in toto for a fatal variance between the offense charged in the indictment and that for which he would have been tried absent his plea of guilty.

OCGA § 40-5-58 (c) (1) by its terms also defines a misdemeanor lesser included offense of operating a motor vehicle after revocation of a driver's license and before issuance of a new license. This misdemeanor offense differs from the offense of felony habitual violator only in that it does not require the element of operating the motor vehicle within five years of notice of revocation. "A crime is 'included' within another if, as a matter of *fact*, or 'alternatively' as a matter of *law*, the conditions stipulated by OCGA § 16-1-6 are satisfied." (Citations and punctuation omitted, emphasis in original.) *Parks v. State*, 180 Ga. App. 31, 32 (4) (348 SE2d 481) (1986) (driving with a suspended or revoked license under OCGA § 40-5-121 a lesser included offense of habitual violator under OCGA § 40-5-58). Since the misdemeanor offense does not contain the element of operating a motor vehicle within five years of notice of revocation, any allegations regarding the time at which Woody committed the offense of operating a motor vehicle after revocation of his license and before issuance of a new license were unnecessary. "In criminal law an unnecessarily minute description of a necessary fact must be proved as charged; but an unnecessary description of an unnecessary fact need not be proved."

(Citations and punctuation omitted.) *Williams v. State*, 196 Ga. App. 154, 156 (1) (395 SE2d 399) (1990).

2. Woody also enumerates as error the trial court's denial of his motion for a continuance, made on the day of trial. However, Woody did not expressly reserve this issue for appeal. The transcript reveals that the guilty plea was accepted conditioned on Woody's right to appeal "based on an interpretation of Code Section 40-5-58 (c) (1)." Despite Woody's contention that the issue was preserved, the transcript contains no reservation of the right to appeal the denial of Woody's motion for a continuance. "[U]nless the trial court expressly approves the reservation of the issue and accepts the guilty plea with that condition, the issue is not preserved." *Mims v. State*, supra at 279.

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 25, 1994.

*Brian Steel*, for appellant.

*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Assistant District Attorney*, for appellee.