## A98A2272. WALKER v. THE STATE.
### (508 SE2d 465)

SMITH, Judge.

A jury found Edward Walker guilty of the misdemeanor offense of obstruction of an officer. He appeals, contending the evidence was insufficient to support his conviction because the State failed to prove the officer was acting in the lawful discharge of his duties and also failed to prove a knowing and wilful obstruction of justice by Walker. We disagree and affirm his conviction.

Construed in favor of the jury's verdict, the evidence shows that Chief Deputy Sheriff Thompson responded to a domestic dispute call made by an unknown female caller. When Thompson arrived at the address provided, he noticed Walker standing in the doorway of a mobile home. As he approached Walker, Walker stated that Beverly Carter had cut his arm several times with a kitchen knife and showed Thompson several slight cuts on his arm. Thompson then entered the home and saw furniture in disarray and a bedroom door that had been kicked in. When he asked Walker about the location of Beverly Carter, Walker told him that Carter and her son Lester had climbed out the bedroom window and driven to a relative's home.

After receiving this information, Thompson drove to the relative's home, talked with Lester Carter and learned that Beverly Carter was returning to the mobile home to talk with Walker. Lester confirmed that Walker and Lester's mother had fought and that his mother had obtained a kitchen knife to protect herself. When Lester and his mother fled into the bedroom, Walker began kicking the bedroom door down, causing them to crawl out of the bedroom window, get into a car and leave.

Thompson drove back to the mobile home, walked up to the closed door, listened, and heard Walker shouting obscenities at Beverly Carter. When Walker realized that Thompson had returned, he opened the door and stood in the doorway. Because there were three steps leading up to the door, the floor of the trailer was level with Thompson's chest. Thompson asked Walker "to come down outside." Walker did not comply; instead, he told Thompson that Carter had a knife. Thompson walked up the steps and took a knife out of Carter's back pocket.

After Thompson removed the knife, Walker complied with a second request by Thompson for Walker to come down into the yard. Thompson then asked Walker to turn around and place his hands against the trailer because Thompson wanted to protect himself and search Walker for weapons. Walker started to comply by turning around and placing his hands against the trailer. However, when Thompson approached him, he spun around to face Thompson and said, "[N]o, I'm not going anywhere." Thompson backed up and again

told Walker to turn around and place his hands against the trailer. Walker started to comply, but again spun around as Thompson approached him. The third time Thompson told Walker to turn around, he pulled out his pepper spray and warned Walker that he would use it and charge him with obstruction of an officer if he did not comply. When Walker failed to comply, Thompson sprayed him. Walker became "very combative" and struggled with Thompson until he was able to place him in handcuffs.

Thompson testified that he took this action because he was concerned about the safety of himself and Beverly Carter. There was no available backup and he knew that Carter had earlier felt the need to escape through the bedroom window even though she was armed with a knife.

We find this evidence was sufficient to authorize the jury to convict Walker of obstruction of an officer under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Thompson was acting in the lawful discharge of his duties when he attempted to search Walker for weapons. A law enforcement officer is authorized to conduct a pat-down search of an individual when he " 'reasonably believes him to be armed or otherwise dangerous to the officer or others.' " *Lambright v. State*, 226 Ga. App. 424, 427 (2) (487 SE2d 59) (1997). See also *Howard v. State*, 220 Ga. App. 579, 581 (1) (469 SE2d 746) (1996). The evidence also supports the conclusion that Walker's conduct was knowing and wilful. See *Patterson v. State*, 191 Ga. App. 359 (1) (381 SE2d 754) (1989), overruled on other grounds, *Duke v. State*, 205 Ga. App. 689, 690 (423 SE2d 427) (1992).

*Judgment affirmed. Johnson, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED NOVEMBER 2, 1998.

*Ronald L. Beckstrom*, for appellant.
*J. David Miller, District Attorney, Jennifer A. Thomas, Assistant District Attorney*, for appellee.