## A99A1081. RICHARDSON v. THE STATE.
### (521 SE2d 239)

PHIPPS, Judge.

Following denial of his motion for new trial, Darryl Richardson appeals his convictions of obstructing law enforcement officers Edwards and Davis in the lawful discharge of their official duties. OCGA § 16-10-24 (a). Richardson challenges the sufficiency of the evidence to show (1) that he obstructed the officers and (2) that they were lawfully discharging their official duties.

Under *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979), we view the evidence in the light most favorable to the prosecution. All reasonable inferences are made, and all issues of weight and credibility are resolved, in favor of the verdict. See *Patterson v. State*, 181 Ga. App. 68, 69 (2) (351 SE2d 503) (1986).

Viewed in accordance with these principles, the evidence shows that on September 17, 1998, at approximately 11:00 p.m., Clayton County police officer Palmer responded to a domestic disturbance call at an Amoco station. When he arrived on the scene, the complainant stated that her boyfriend had struck her with a baseball bat. She described him as a tall and slender black male and said that he was in the area of a muffler shop no more than 100 yards away. Palmer broadcast this information through a radio lookout received by Officer Edwards, who was in the vicinity. Edwards went to the scene and observed Richardson doing a run/walk behind the muffler shop. Although it was ultimately determined that Richardson was not the alleged perpetrator, he fit the suspect's description.

Edwards approached Richardson, informed him of the investigation he was conducting, and attempted to question him. Richardson began to walk away but then complied with the officer's request that he stop and provide identification. After doing so, however, he ran into the boarding house, saying that he did not have to talk to the officer and did not have time to do so.

The above confrontation is referred to as a tier-one police-citizen encounter, wherein a police officer merely approaches a citizen, asks questions, and requests identification. *State v. Westmoreland*, 204 Ga. App. 312 (1) (418 SE2d 822) (1992). Such encounters involve no coercion or detention and therefore are without the compass of the Fourth Amendment. *Alexander v. State*, 166 Ga. App. 233, 234 (2)

(303 SE2d 773) (1983).

After Richardson fled, Edwards retreated to his patrol car parked in front of the boarding house, and he radioed for assistance. Richardson then emerged from the boarding house and began walking briskly toward Edwards through the parking lot. Since the area was very dark, Edwards asked Richardson to show him his hands, but he refused to do so, commenting that he had not done anything wrong. Edwards then asked Richardson to raise his hands, but he complied only momentarily. Because Edwards feared for his safety, he grabbed Richardson while explaining that he was not attempting to arrest him but only wanted to frisk him for weapons.

At this point, the confrontation escalated into a tier-two encounter, in which an officer conducts a brief, investigatory stop and frisk of a person under principles set forth in *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968). See *Alexander v. State*, supra at 234-235. A police officer may make such stop if the officer has "a reasonable, articulable suspicion" that the person stopped has been, is, or is about to be, engaged in criminal activity. *Davis v. State*, 225 Ga. App. 627, 628 (2) (484 SE2d 655) (1997). " '[A] founded suspicion is all that is necessary, some basis from which the court can determine that the detention was not arbitrary or harassing. (Cit.)' [Cit.]" *State v. McFarland*, 201 Ga. App. 495, 496 (411 SE2d 314) (1991).

> "(A) reasonable search for weapons for the protection of the police officer[ ] (is permitted) where he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime. The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." [Cit.]

*Smith v. State*, 139 Ga. App. 129, 131 (2) (227 SE2d 911) (1976).

Instead of cooperating with the officer, Richardson put up a struggle and began attempting to place his hand in a pocket wherein a knife was later found. During the struggle, Officer Davis appeared on the scene to assist Edwards. Richardson continued to struggle with both Davis and Edwards, but was finally placed under arrest after a third officer arrived. *Held*:

When Officer Edwards was informed that a described criminal suspect was located in a specified area and then observed Richardson, who was in the area and fit the suspect's description and appeared to be fleeing the scene, there existed reasonable and articulable suspicion justifying a *Terry* stop. Cf. *McDaniel v. State*,

227 Ga. App. 364, 366 (2) (489 SE2d 112) (1997). Edwards, however, did not attempt to physically restrain Richardson for the purpose of a weapons frisk until Richardson exited the boarding house and initiated a confrontation with the officer while refusing to allow the officer to satisfy himself that he was not armed. A reasonably prudent person in Officer Edwards' position would have been warranted in the belief that a threat to his safety was being posed. Edwards and Davis were thus engaged in the lawful discharge of their official duties in placing Richardson under detention and ultimately arresting him. The evidence authorized the jury to find that Richardson obstructed the officers in their efforts. See *Walker v. State*, 235 Ga. App. 91 (508 SE2d 465) (1998).

*Judgment affirmed. McMurray, P. J., and Andrews, P. J., concur.*

DECIDED JULY 28, 1999.

*Patricia F. Angeli*, for appellant.

*Keith C. Martin, Solicitor, Michael L. Tripp, Assistant Solicitor*, for appellee.