### A99A1377. OVERAND v. THE STATE.
(523 SE2d 610)

MILLER, Judge.

When police went to investigate a domestic disturbance call, Laura Sue Overand, who was at the residence, attempted to leave despite repeated demands from police that she remain during the investigation. She was convicted of obstructing a law enforcement officer.[1] Overand appeals, claiming that police lacked an articulable suspicion to detain her. Because the information received from the dispatcher and the corroboration at the scene gave police an articulable suspicion, we affirm.

1. To constitute unlawful obstruction of an officer, OCGA § 16-

---

10-24 (a) requires that the obstructed officer be in the lawful discharge of his official duties.[2] Refusal to remain at an alleged crime scene pending a brief official police investigation constitutes unlawful obstruction.[3] But if police lack an articulable suspicion, their detention and questioning of a witness or suspect do not constitute official duties and, though obstructed, are insufficient for an obstruction conviction.[4]

Here a dispatcher, based on a domestic disturbance call received at 1:30 in the morning, informed patrolling officers that a white female was pointing a gun at a white male at a particular address, that she was refusing to leave, and that the male was in the driveway of the residence. Officers went to the address and observed a white male sitting in a car at the bottom of the driveway and a white female (Overand) standing next to the car and arguing vigorously with the male. As police approached, Overand strode away, got in another car, and attempted to leave the scene despite six repeated demands from one of the officers that she remain while they investigated the alleged crime. She was arrested for obstruction.

A dispatcher who reports a crime at a specified location gives police an articulable suspicion to investigate and detain individuals at the scene, particularly where police observations on arriving at the scene corroborate the dispatcher's report.[5] Even if the dispatcher's information comes from a citizen or an unidentified informant, the investigatory detention is valid, for patrolling officers are not required to question dispatchers about the source of the information.[6] Here police observations of a white female arguing vigorously with a white male in the driveway of the reported crime scene corroborated the information received from the dispatcher. While demanding that Overand stay, police also discovered a pistol, further corroborating the dispatcher's report. Corroboration only solidifies the existence of an articulable suspicion.[7]

As the evidence sustained a finding of an articulable suspicion, the court did not err in refusing to grant Overand a directed verdict.

---

[2] *Wynn v. State*, 236 Ga. App. 98, 99 (2) (511 SE2d 201) (1999).

[3] See *Walker v. State*, 228 Ga. App. 509, 512 (4) (493 SE2d 193) (1997); *Copeland v. State*, 213 Ga. App. 39, 41 (2) (443 SE2d 869) (1994).

[4] *Wynn*, supra.

[5] *Richardson v. State*, 239 Ga. App. 345 (521 SE2d 239) (1999); see *Cunningham v. State*, 231 Ga. App. 420, 421 (1) (498 SE2d 590) (1998) ("[i]n forming an articulable suspicion, an officer is entitled to rely on the information given him by a fellow officer," including a dispatcher) (citation and punctuation omitted); *McDaniel v. State*, 227 Ga. App. 364, 366 (2) (489 SE2d 112) (1997) (dispatcher call to look out for specified vehicle and observation of vehicle fitting the description give rise to an articulable suspicion and justify stop).

[6] *Chumbley v. State*, 180 Ga. App. 603, 604 (349 SE2d 823) (1986).

[7] See *Richardson*, supra; *State v. McFarland*, 201 Ga. App. 495, 496 (411 SE2d 314) (1991).

2. The court charged the jury as to the guidelines in investigatory detentions:

> Now, a law-enforcement officer is allowed to temporarily detain persons at the scene of an alleged crime scene for the purpose of investigating any reported criminal conduct in which those persons may have been involved, either as a victim or perpetrator. During any such temporary detention no person has a duty to talk with a law-enforcement officer.

Overand complains that the instruction did not require the jury to find that police had an articulable suspicion before the jury could find police were justified in detaining Overand for investigatory purposes.

As set forth above, the evidence is overwhelming that police had an articulable suspicion when they demanded that Overand remain at the location during the investigation. Moreover, the need for finding an articulable suspicion is inherent in the instruction's language that the criminal conduct must have been "reported" and that the resulting investigation was taking place at the "alleged crime scene." It would appear that the court was attempting to simplify the concept of articulable suspicion for the jury. Even if this charge lacked clarity, when considered in connection with the charge as a whole, it is not so misleading as to constitute reversible error.[8]

*Judgment affirmed. Barnes and Ellington, JJ., concur.*

DECIDED OCTOBER 18, 1999 —
RECONSIDERATION DENIED NOVEMBER 4, 1999 — 

*W. Keith Davidson, E. Talley Myrick*, for appellant.
*Gerald N. Blaney, Jr., Solicitor, Traci R. Soderberg, Assistant Solicitor*, for appellee.

---

[8] See *Brown v. State*, 163 Ga. App. 209, 212 (4) (c) (294 SE2d 305) (1982).