### A08A0035. THE STATE v. MELANSON.
(663 SE2d 280)

MILLER, Judge.

After he was charged with a single count of driving under the influence, in violation of OCGA § 40-6-391, Adam F. L. Melanson moved to suppress evidence obtained as the result of a police traffic stop of his vehicle. The State now appeals from the trial court's order granting that motion, asserting that the trial court had no legal basis for suppressing such evidence. We agree and reverse.

When reviewing a ruling on a motion to suppress, where, as here, the evidence is uncontroverted and there exists no question regarding witness credibility, we review de novo the trial court's application of the law to the facts presented. *State v. Dymond*, 248 Ga. App. 582, 584 (546 SE2d 69) (2001). In doing so, however, "we construe all evidence presented in favor of the trial court's findings and judgment" ((citation omitted) *McDaniel v. State*, 263 Ga. App. 625, 626-627 (1) (588 SE2d 812) (2003)), and "[w]e will not disturb the trial court's order on a motion to suppress if there is any evidence to support it." (Citation omitted.) Id.

The evidence presented at the motion to suppress hearing showed that on February 11, 2007, Officer Jeffrey Casteel of the DeKalb County Police Department received a report from police dispatch of suspicious persons in a vehicle in the parking lot of a

---

[15] *Johnson v. State*, 279 Ga. App. 182, 185 (3) (c) (630 SE2d 778) (2006).

nearby McDonald's restaurant. As Officer Casteel drove into the parking lot, the McDonald's employee who had made the 911 call came out of the restaurant to speak with him. The employee told Casteel that two men in a dark blue Cadillac pulled up to the drive-through window, and began banging on the window and cursing. She identified a car exiting the parking lot as the one in which the two men were riding. Casteel followed the car, which Melanson was driving, out of the parking lot and stopped it less than a block away. He asked Melanson for his driver's license, and questioned him about the incident at the McDonald's. Melanson admitted being at the restaurant, but denied any wrongdoing. Because Officer Casteel had detected the odor of alcohol on Melanson's breath, however, he investigated Melanson for DUI and eventually cited him for the same.

Prior to trial, Melanson moved to suppress evidence of his DUI, arguing that it was obtained during an illegal traffic stop. The trial court granted that motion and this appeal followed.

In granting the motion to suppress, the trial court found that the information provided Officer Casteel by the McDonald's employee did not provide a basis for a traffic stop, because "[t]here was no allegation that a crime had occurred or that a crime was suspected of having occurred." The trial court further concluded, as a matter of law, that the police could not stop Melanson's car after it left the parking lot for the purpose of investigating the reported incident at McDonald's. Both of these holdings, however, represent a misapplication of relevant law.

> The standard for an investigatory stop is well established. An officer may stop a vehicle for investigation if it is justified by specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct. This suspicion need not meet the standard of probable cause, but must be more than mere caprice or a hunch or an inclination. A founded suspicion is all that is necessary, some basis from which the court can determine that the detention was not arbitrary or harassing.

(Citation and punctuation omitted.) *Brown v. State*, 261 Ga. App. 228 (582 SE2d 183) (2003).

It is well settled that "[p]olice officers are authorized to use information received by radio dispatch as part of their basis for articulable suspicion to conduct a stop." (Footnote omitted.) *State v. Maddox*, 252 Ga. App. 414, 416 (556 SE2d 501) (2001). Here, Officer Casteel received information from police dispatch, confirmed by the McDonald's employee at the scene, that the occupants of a specific

car had been swearing and banging on the restaurant's drive-through window — i.e., engaging in disorderly conduct. See OCGA § 16-11-39 (a). Moreover, this conduct was threatening enough that the restaurant employee felt compelled to call for police assistance. These facts gave Officer Casteel grounds for conducting a brief traffic stop of Melanson's car for investigatory purposes, and demonstrate that such stop was not premised on mere caprice, hunch, or inclination, and was neither arbitrary nor harassing in nature. Thus, we find that the trial court committed clear error in finding that Officer Casteel lacked a reasonable, articulable suspicion to stop Melanson's car.

The trial court further erred in holding that once Melanson's vehicle left the McDonald's parking lot, the police were no longer entitled to investigate the reported incident at the restaurant. In *Brown*, supra, 261 Ga. App. 228, a deputy responded to a police dispatch reporting an altercation at a nearby Waffle House.

> As his car entered the Waffle House parking lot, the deputy observed a green truck leaving it. Five or six people, including at least two Waffle House employees, were standing outside pointing at the green truck. Based upon the radio report and his observation at the scene of the people pointing at the green truck, the deputy concluded that the people in the truck had been "involved in the altercation" in the radio report. He activated his blue lights and stopped the truck.

Id. at 229. After making the stop, the deputy noticed the strong odor of alcohol and administered field sobriety tests, which resulted in Brown's arrest for DUI. Id. Brown thereafter moved to suppress evidence of his DUI, arguing that the same resulted from an illegal traffic stop. The trial court denied the motion and this Court affirmed, concluding that "[b]ecause the green truck was moving away from the scene, time was of the essence. The deputy was authorized under these circumstances to stop the truck briefly to determine if it had, indeed, been involved in the Waffle House incident." Id. at 230.

Virtually identical facts exist in this case and, in light of *Brown*, we find that Officer Casteel was authorized to stop Melanson's car for the purpose of investigating the reported incident at McDonald's.

Given the foregoing, we reverse the trial court's order granting Melanson's motion to suppress the evidence obtained during the traffic stop of his vehicle.

*Judgment reversed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED JUNE 6, 2008.

*Robert D. James, Jr.*, Solicitor-General, *Angelique B. McClendon*, Assistant Solicitor-General, for appellant.
*Michael P. Jacobs*, for appellee.