**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**May 27, 2014**

# In the Court of Appeals of Georgia

A14A0136. WING v. THE STATE.

PHIPPS, Chief Judge.

In connection with driving her car into a parked vehicle, the ensuing traffic stop, and the results of sobriety testing, Connie Wing was charged with failure to report an accident,[1] DUI less safe,[2] and DUI per se.[3] Wing filed a motion to suppress, challenging the legality of the traffic stop. After a hearing, the trial court denied Wing's motion, then immediately proceeded with a stipulated bench trial, at which Wing was found guilty as charged. The court merged the DUI counts, then convicted Wing of failure to report an accident and DUI per se. In this appeal, Wing maintains

---

[1] OCGA § 40-6-273.

[2] OCGA § 40-6-391 (a) (1).

[3] OCGA § 40-6-391 (a) (5).

that the traffic stop was illegal. She also claims that the evidence was insufficient to sustain her conviction for failing to report an accident. We affirm.

1. Wing contends that the trial court erred by denying her motion to suppress the evidence collected against her after the traffic stop, challenging the trial court's finding that the stop was justified by articulable suspicion.

> [A] law enforcement officer may conduct a constitutional investigatory stop of an individual when the officer is able to point to specific and articulable facts which, when taken together with rational inferences from those facts, reasonably warrant that intrusion. That is, under the totality of the circumstances, the investigatory stop must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity. . . . Each case turns on its own circumstances.[4]

When conducting appellate review of the denial of a motion to suppress, we follow these three fundamental principles:

> First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support [them]. Second, the trial court's decision with

---

[4] *Garmon v. State*, 271 Ga. 673, 676 (2) (524 SE2d 211) (1999) (citations and punctuation omitted).

2

regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.[5]

So construed, the evidence showed the following. On April 7, 2013, at approximately 5:00 p.m., a police officer on patrol received a call from dispatch requesting him to respond to the scene of an accident. According to dispatch, a vehicle had struck a parked vehicle in a church parking lot. The officer proceeded to the reported location. As the officer arrived, he observed a blue car leaving the parking lot. About three to five individuals standing in the parking lot motioned toward the blue vehicle and verbally identified it as the one that had just struck a parked vehicle. The officer immediately pursued the blue car and initiated a traffic stop, believing that its driver was attempting to leave the scene of an accident. The officer stopped the car about a mile or two from the parking lot and made contact with the driver, who was later identified as Wing.

---

[5] *Miller v. State*, 288 Ga. 286-287 (1) (702 SE2d 888) (2010) (citation and footnote omitted).

3

Given those facts, the trial court concluded that the traffic stop was justified in light of *Brown v. State*.[6] In *Brown*, a law enforcement officer heard a police radio report of an altercation at a Waffle House that was near his location.[7] The officer responded to the scene, and as his car entered the Waffle House parking lot, he observed a green truck leaving it.[8] Five or six people were standing outside pointing at the green truck.[9] "Based upon the radio report and his observation at the scene of the people pointing at the green truck, the deputy concluded that the people in the truck had been 'involved in the altercation' [mentioned] in the radio report. He activated his blue lights and stopped the truck."[10] This court found no merit in the argument that the officer had lacked articulable suspicion to initiate the traffic stop, reciting the principles:

> [A] dispatcher who reports a crime at a specified location gives police an articulable suspicion to investigate and detain individuals at the scene, particularly where police observations on arriving at the scene

---

[6] 261 Ga. App. 228 (582 SE2d 183) (2003).

[7] Id. at 229.

[8] Id.

[9] Id.

[10] Id.

corroborate the dispatcher's report. Even if the dispatcher's information comes from a citizen or an unidentified informant, the investigatory detention is valid, for patrolling officers are not required to question dispatchers about the source of the information.[11]

In the instant case, and similar to the circumstances underlying *Brown*,

information about [a vehicle collision] at a specified nearby location was broadcast over police radio. The [officer] corroborated this information with his personal observation of persons [at the scene] who were pointing at the [blue car]. Because the [blue car] was moving away from the scene, time was of the essence. The [officer] was authorized under these circumstances to stop the [blue car] to determine if it had, indeed, been involved in the [reported] incident.[12]

Wing points out that the officer who responded to the dispatch did not interview the driver of the parked vehicle, did not assess the amount of damage rendered to the parked vehicle, and, consequently, had not determined whether she had complied with OCGA §§ 40-6-271[13] and/ or 40-6-273.[14] Wing argues that, had

---

[11] Id. at 229-230, quoting *Overand v. State*, 240 Ga. App. 682, 683 (1) (523 SE2d 610) (1999).

[12] *Brown*, supra at 230.

[13] ("The driver of any vehicle which collides with any vehicle which is unattended shall immediately stop and shall then and there either locate and notify the operator or owner of such vehicle of the name and address of the driver and owner

5

the officer more fully investigated the scene – instead of pursuing her, he would have discovered that she had no duty to remain at the scene.

The trial court correctly concluded that this argument provided no basis to grant Wing's motion to suppress. As *Brown* instructs,

> An officer may stop a vehicle for investigation if it is justified by specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct. This suspicion need not meet the standard of probable cause, but must be more than mere caprice or a hunch or an inclination. A founded suspicion is all that is necessary, some basis from which the court can determine that the detention was not arbitrary or harassing.[15]

---

of the vehicle striking the unattended vehicle or shall leave in a conspicuous place on the vehicle struck a written notice giving the name and address of the driver and the owner of the vehicle doing the striking.")

[14] ("The driver of a vehicle involved in an accident resulting in injury to or death of any person or property damage to an apparent extent of $500.00 or more shall immediately, by the quickest means of communication, give notice of such accident to the local police department if such accident occurs within a municipality. If such accident occurs outside a municipality, such notice shall be given to the office of the county sheriff or to the nearest office of the state patrol.")

[15] *Brown*, supra at 228 (citation and punctuation omitted).

And "[i]t is well settled that police officers are authorized to use information received by radio dispatch as part of their basis for articulable suspicion to conduct a stop."[16]

The collision at issue had been sufficiently compelling such that police were summoned;[17] the officer, having received information from dispatch about the automobile collision, proceeded to the reported location;[18] when the officer arrived, the car being driven away by Wing was pointed out by several onlookers who exclaimed that she was the one who had driven her car into another.[19] These facts

---

[16] *State v. Melanson*, 291 Ga. App. 853, 854 (663 SE2d 280) (2008) (citation and punctuation omitted); accord *Johnson v. State*, 302 Ga. App. 318, 322 (2) (a) (690 SE2d 683) (2010) (noting that "a dispatcher who reports a crime at a specified location gives police an articulable suspicion to investigate and detain individuals . . ., particularly where police observations on arriving at the scene corroborate the dispatcher's report") (citations, punctuation, and footnotes omitted).

[17] See *Melanson*, supra at 855 (considering that conduct at the scene of an altercation compelled a restaurant employee to summon police).

[18] See *Prather v. State*, 279 Ga. App. 873, 874 (1) (633 SE2d 46) (2006) ("Even if the dispatcher's information comes from a citizen or an unidentified informant, the investigatory detention is valid, for patrolling officers are not required to question dispatchers about the source of the information. Further, corroboration only solidifies the existence of an articulable suspicion.") (citations omitted; emphasis omitted).

[19] See *State v. Diamond*, 223 Ga. App. 164, 166 (477 SE2d 320) (1996) ("The specific articulable suspicion must be based on the totality of the circumstances – objective observations, known patterns of certain kinds of lawbreakers, and inferences drawn and deductions made by trained law enforcement personnel.").

7

gave the officer grounds for conducting a brief traffic stop of Wing's car for investigatory purposes, and demonstrated that such stop was not premised on mere caprice, hunch, or inclination, and was neither arbitrary nor harassing in nature.[20] Wing's challenge to the denial of her motion to suppress, therefore, fails.

2. Wing contends that the trial court erred by finding her guilty of failing to report an accident, claiming that the evidence was insufficient. But this contention is unavailing to Wing.

After the trial court denied Wing's motion to suppress, counsel for Wing stipulated that there were sufficient facts to find Wing guilty, announcing further that Wing was seeking the state's pre-trial recommendation as to sentencing while preserving the suppression issue for appeal. The prosecutor detailed for the court the state's sentencing recommendation, covering the DUI *and* the failure to report offenses. The prosecutor added, "[Wing's attorney] did narrow the issues. There were several witnesses, civilian witnesses to the accident as well as other law enforcement officers, that were not needed to come to court." The trial court announced, "Okay.

---

[20] See *Melanson*, supra at 854-855; *Brown*, supra; *Garmon*, supra at 677 (2) (recognizing that "in cases where there are some reasonable articulable grounds for suspicion, the state's interest in the maintenance of community peace and security outweigh the momentary inconvenience and indignity of investigatory detention").

Well, it's been a stipulated bench trial and I find her guilty for the purpose of the record." Thereafter, the court entered judgment of conviction against Wing for the offenses of DUI and failing to report an accident.

Under these circumstances, "[Wings's attorney] led the court, as well as the State, to . . . understand that the only contested issue there had been at trial was whether the evidence should be suppressed."[21] Consequently, Wing cannot now contest the sufficiency of the evidence underlying her conviction for failing to report an accident.[22]

*Judgment affirmed. Ellington, P. J., and McMillian, J., concur.*

---

[21] *Sanders v. State*, 252 Ga. App. 609, 614-615 (2) (556 SE2d 505) (2001) (holding that challenge to evidentiary sufficiency was waived, where defendant stipulated before the trial court to all elements of the offense).

[22] See *Sanders*, supra; *Scott v. State*, 201 Ga. App. 162-163 (1) (410 SE2d 362) (1991) (concluding that defendant waived right to challenge the sufficiency of evidence, where record revealed that the defense attorney led trial judge and prosecuting attorney to think that the only issue contested by defendant was whether the evidence, obtained by a search, should be suppressed).